Effie F. Anastassiou, Esq. (State Bar #96279)
Karli R. Jungwirth, Esq. (State Bar #227956)
W. John Lo, Esq. (State Bar #259561)
ANASTASSIOU & ASSOCIATES
242 Capitol Street
Post Office Box 2210
Salinas, California 93902
Telephone: (831) 754-2501
Facsimile: (831) 754-0621

Attorneys for Plaintiff
RELIABLE PRODUCE SOURCING, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| RELIABLE PRODUCE SOURCING, LLC, ) | Case No.: |
| Plaintiff, ) | **COMPLAINT FOR** |
| v. ) | 1. **Breach of Contract;** |
| ) | 2. **Enforcement of the PACA Trust** |
| ORGANIC ALLIANCE, INC., a Nevada ) | **Provisions & Disgorgement;** |
| Corporation; THOMAS MORRISON, an ) | 3. **Violation of the PACA – Failure to** |
| Individual; ALICIA KRIESE, an Individual; ) | **Account and Pay Promptly;** |
| PARKER BOOTH, an Individual; MICHAEL ) | 4. **Injunctive Relief;** |
| ROSENTHAL, an Indvidual; and MARK ) | 5. **Unjust Enrichment;** |
| KLEIN, an Individual, ) | 6. **Conversion; and** |
| ) | 7. **Constructive Trust/Disgorgement.** |
| Defendants. ) | |

Plaintiff, RELIABLE PRODUCE SOURCING, LLC., a California corporation, alleges as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction of this case pursuant to 7 U.S.C. §499e(c)(5) [the Perishable Agricultural Commodities Act ("PACA")] and 28 U.S.C. §1331. This court also has jurisdiction over any remaining claims under 28 U.S.C. §1367(a). Venue is proper in this court pursuant to 28 U.S.C. §1391.

### PARTIES

2.    PLAINTIFF, RELIABLE PRODUCE SOURCING, LLC. ("PLAINTIFF" and/or "Reliable"), is a California corporation duly licensed and existing under the laws of the State of

California, with its primary offices located at 1303 Grand Avenue, Suite 211, Arroyo Grande, California 93420.

3.   PLAINTIFF is in the business of marketing, selling and shipping perishable agricultural commodities in interstate commerce subject to the provisions of PACA, and the regulations promulgated by the United States Secretary of Agriculture pursuant to the PACA, and is licensed to do so under PACA License No. 20060069.

4.   On information and belief, Defendant ORGANIC ALLIANCE, Inc. ("OAI"), is a corporation incorporated in the state of Nevada, with its primary offices located at 401 Monterey Street, Salinas, California 93901.

5.   On information and belief, at all relevant times herein, OAI was engaged in the business of marketing, selling and shipping perishable agricultural commodities in interstate commerce subject to the provisions of PACA, and the regulations promulgated by the United States Secretary of Agriculture pursuant to the PACA, under PACA License No. 20090314.

6.   On information and belief, OAI has done business under the fictitious trade names "AVOCADOMAN" and "TOM & BILLS ORGANICS."  In addition, OAI has done business through its wholly owned subsidiary incorporated in Texas, under the names of Organic Alliance, Inc. and/or Organic Texas, Inc.

7.   On information and belief, Defendant Thomas Morrison ("Morrison"), an individual, is and has at all relevant times herein been, a director and/or shareholder of OAI, who as such, has transacted and done business in the County of Monterey, State of California

8.   On information and belief, Defendant Alicia Kriese ("Kriese"), an individual, is and has at all relevant times herein been, a director and/or shareholder of OAI, who as such, has transacted and done business in the County of Monterey, State of California.

9.   On information and belief, Defendant Parker Booth ("Booth"), an individual, is and has at all relevant times herein been, an officer, director and/or shareholder of OAI, who as such, has transacted and done business in the County of Monterey, State of California.

10.   On information and belief, Defendant Michael Rosenthal ("Rosenthal"), an individual,

1   is and has at all relevant times herein been, a director and/or shareholder of OAI, who as such, has

2   transacted and done business in the County of Monterey, State of California.

3       11.     On information and belief, Defendant Mark Klein ("Klein"), an individual, is and has

4   at all relevant times herein been, a director and/or shareholder of OAI, who as such, has transacted and

5   done business in the County of Monterey, State of California.

6       12.     On information and belief, Defendants Morrison, Kriese, Booth, Rosenthal and Klein

7   (collectively referred to as the "RESPONSIBLY CONNECTED PARTIES"), are and at all relevant

8   times herein have been, insiders of OAI, with actual and/or constructive knowledge of the provisions

9   of PACA, the PACA trust requirements and the provisions set forth therein, and who are and during

10  all times relevant herein were, responsible for the daily management, control and/or ownership of OAI,

11  and who are and during all relevant times herein were, statutory trustees under PACA, and in a position

12  to control the PACA trust assets that are the subject of this lawsuit.

13      13.     PLAINTIFF alleges upon information and belief that OAI and the RESPONSIBLY

14  CONNECTED PARTIES (herein collectively referred to as the "Defendants"), and each of them, were

15  the agents, employees, servants, officers, directors, alter-egos, predecessors, successors and/or

16  co-conspirators of each other, and in doing the things herein alleged, were acting within the scope,

17  course and purpose of said agency, employment, position, alter-ego or conspiracy with the knowledge,

18  permission and consent of each other.

19

20                          **FACTUAL ALLEGATIONS**

21      14.     From about March 5 to March 16 of 2010, Reliable sold five (5) orders of perishable

22  agricultural commodities, which included onions and bell peppers (the "Produce"), to OAI. Reliable

23  is currently owed an overdue and past due amount of **$75,053.25** for the Produce, plus late fees, interest

24  and attorneys' fees and costs.

25      15.     The sale of the Produce from Reliable to OAI was consummated pursuant to the terms

26  of written invoices, numbered 14613, 14663, 14685, 14695, and 14696 (the "Invoices"), which

27  Invoices specifically preserved Reliable's trust rights under the PACA. In addition, the Invoices

28  provided that Reliable was entitled to collect a late charge of 1 ½% per month (18% per annum) on all

1  past due amounts, plus attorneys' fees and costs in the event any legal action was commenced to collect

2  on the Invoices.  True and correct copies of the Invoices which show the unpaid balance owed to

3  Reliable from OAI for the Produce, together with the Bills of Lading and related documents evidencing

4  the shipment of the Produce, are attached hereto as **Exhibit "A"** and incorporated by reference herein,

5  together with a spreadsheet calculating past due late charges.

6        16.     OAI has failed and refused, and continues to fail and refuse to pay the amounts due

7  under the Invoices.

8        17.     As a result of OAI's failure to pay Reliable for the Produce, Reliable was forced to file

9  a formal complaint against OAI with the United States Department of Agriculture, PACA Branch,

10  PACA Docket No. W-R-2010-289 (the "PACA Complaint") for the payments due for the Produce.  A

11  true and correct copy of the PACA Complaint is attached hereto as **Exhibit "B"** and incorporated

12  herein by reference.

13        18.     OAI failed to respond to the PACA Complaint.  As a result, on October 8, 2010, a

14  Default Order was awarded in Reliable's favor against OAI, by William G. Jensen, Judicial Officer of

15  the Office of the Secretary of Agriculture.  The Default Order awarded reparation to Reliable in the

16  amount of **$75,053.25**, for the amounts due for the Produce, plus  late charges at the interest rate of 18%

17  per annum from April 1, 2010 through October 8, 2010 (the date of the Default Order), plus **$500** for

18  the PACA handling fee, plus post-judgment interest thereafter at the rate of $.026 (federal rate) until

19  the Default Order amount was paid in full. By its terms, the Default Order required OAI to pay Reliable

20  the Default Order amount within 30 days of the date of the Default Order   A true and correct copy of

21  the Default Order is attached hereto and incorporated by reference herein as **Exhibit "C."**  As of the

22  date hereof, OAI has paid none of the amounts due pursuant to the Default Order.

23        19.     Reliable has made repeated demands to OAI and the RESPONSIBLY CONNECTED

24  PARTIES to pay the amounts due to Reliable for the Produce, and to pay the amounts awarded by the

25  Default Order. Despite the numerous and repeated demands made to OAI and the RESPONSIBLY

26  CONNECTED PARTIES, all of the Defendants have failed and refused, and continue to fail and refuse,

27  to pay the amounts owed to PLAINTIFF.

# FIRST CAUSE OF ACTION

## (Breach of Contract Against Organic Alliance, Inc.)

20.     PLAINTIFF realleges and incorporates by reference all allegations contained in paragraphs 1 to 19, inclusive, as if set forth in full herein.

21.     Between on or about March 5 and March 16 of 2010, in accordance with the terms set forth in the Invoices, PLAINTIFF sold and shipped the Produce to Defendant OAI at OAI's request, for which OAI agreed to pay PLAINTIFF in full, plus late charges at the rate of 18% per annum, plus attorneys' fees and costs should legal action be commenced to collect the sums due.

22.     At or about the date of each transaction described above and referenced in the Invoices, PLAINTIFF forwarded to OAI detailed invoices for the transactions setting forth the amounts owed by OAI for its purchase of the Produce.  All of the Invoices provided for a late charge on delinquent accounts at the rate of 18% per annum. All of the Invoices contained written provisions providing for recovery of attorneys' fees and costs if a legal action was filed to collect the sums due. All of the Invoices provided that the Produce was sold to OAI subject to the provisions of the statutory PACA trust.

23.     PLAINTIFF has repeatedly demanded that OAI pay the amounts due and owing under the Invoices.  However, OAI has failed and refused, and continues to fail and refuse, to pay PLAINTIFF for the Produce purchased by it and no part of those sums due and owing has been paid.

24.     PLAINTIFF has performed all conditions, covenants and obligations required to be performed by it under the agreements for the sale of the Produce as set forth herein.

25.     As a direct and proximate result of the failure of Defendant OAI to remit payment due to PLAINTIFF as described above, PLAINTIFF has suffered cumulative losses in the amount of **$75,053.25** for the Produce, late charges at the rate of 18% annum, which have accrued in the amount of **$9,701.48** through December 9, 2010, and which late charges will continue to accrue, plus costs for the PACA Complaint in the amount of **$500**, as set forth above, plus recoverable attorneys' fees, costs and interest according to proof.

//

## SECOND CAUSE OF ACTION

**(For Enforcement of the PACA Trust Provisions & Disgorgement Against All of the Defendants)**

26.     PLAINTIFF realleges and incorporates by reference all allegations contained in paragraphs 1 to 25, inclusive, as if set forth in full herein.

27.     In or about March 5 through March 16 of 2010, PLAINTIFF and OAI entered into a series of agreements whereby PLAINTIFF agreed to sell to OAI the Produce, and OAI agreed to pay PLAINTIFF for the Produce, in accordance with the terms and conditions set forth in the Invoices sent to OAI by PLAINTIFF.  Pursuant to the Invoices, payment for all Produce sold by PLAINTIFF to OAI was due and payable within 10 days of the date of shipment.  In addition, pursuant to the Invoices, a late charge of 1.5% per month of the unpaid balance due on the Invoices, or 18% per annum, was due and owing to PLAINTIFF on all past due payments.

28.     PLAINTIFF delivered the Produce to OAI, which Produce was a perishable agricultural commodity for which OAI agreed to pay PLAINTIFF the total sum due pursuant to the terms of the Invoices. All of the Produce that PLAINTIFF delivered to OAI was of the kind, quality, grade and size called for under the terms of the Invoices between the parties.

29.     OAI accepted the Produce from the PLAINTIFF, but then OAI failed and refused to pay PLAINTIFF the agreed sums for said commodities, leaving a balance due to PLAINTIFF in the sum of **$75,053.25**, together with late charges in the amount of 18% per annum from the date that each payment was due pursuant to each Invoice.

30.     The PACA trust provisions, 7 U.S.C. §499e(c), provide that upon receipt of the Produce by OAI, PLAINTIFF became the beneficiary of a floating, non-segregated statutory trust on all of OAI's perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, and all receivables or proceeds from the sale of such perishable agricultural commodities or other products or assets derived therefrom.

31.     PLAINTIFF has performed and fulfilled all duties required by the PACA trust provisions to preserve its PACA trust benefits in the amount alleged in this Complaint to be due and owing from OAI (7 U.S.C. §499e(c)(1)-(4)).  As a result, PLAINTIFF holds a perfected interest as a statutory trust

1  beneficiary in the PACA trust assets held by or previously held by OAI.  Indeed, the PACA trust assets

2  are not, and never became, the property of OAI.  Rather, as the beneficiary of the PACA trust,

3  PLAINTIFF holds equitable title to the trust assets, including all inventories of perishable agricultural

4  commodities, and all assets purchased with, or maintained by, the proceeds from the sale of perishable

5  agricultural commodities.

6          32.     The PACA trust requires and required OAI and the RESPONSIBLY CONNECTED

7  PARTIES to hold and to preserve all perishable agricultural commodities, proceeds and receivables in

8  trust for the benefit of PLAINTIFF until full payment is made to PLAINTIFF for the Produce.  On

9  information and belief, OAI and the RESPONSIBLY CONNECTED PARTIES have failed to maintain

10  the trust assets and to keep them available to satisfy OAI's obligations to PLAINTIFF.  OAI and the

11  RESPONSIBLY CONNECTED PARTIES have failed to perform the requirements of the PACA

12  statutory trust provisions, express and implied, and have breached their fiduciary duties to maintain the

13  trust assets, all in violation of PACA, and the regulations promulgated thereunder.

14          33.     PLAINTIFF is informed and believes and thereon alleges that OAI and the

15  RESPONSIBLY CONNECTED PARTIES improperly dissipated PLAINTIFF's interest in the trust

16  assets by failing to maintain the trust, and by using the trust assets for purposes other than for paying

17  PLAINTIFF, all in violation of the PACA, 7 U.S.C. §§499b(4) and 499e(c).  On information and belief,

18  OAI and  the RESPONSIBLY CONNECTED PARTIES transferred or diverted all or a portion of the

19  trust assets, namely receivables or proceeds derived from the sale of the trust assets, in violation of the

20  statutory duties of OAI and the RESPONSIBLY CONNECTED PARTIES under the PACA to preserve

21  the trust assets for the benefit of PLAINTIFF.  The statutory trust created by the PACA unequivocally

22  gives priority to the interest of PLAINTIFF on all inventories of products derived from perishable

23  agricultural commodities, on any receivables or proceeds derived from the sale of such commodities

24  or products, and on any assets purchased with, or maintained by, the proceeds derived from the sale of

25  the Produce that have been transferred to any party other than PLAINTIFF by OAI or the

26  RESPONSIBLY CONNECTED PARTIES.

27          34.     As a direct and proximate cause and result of the wrongful acts and omissions of OAI

28

and the RESPONSIBLY CONNECTED PARTIES, PLAINTIFF has suffered the loss of at least **$75,053.25** for the Produce, plus late charges at the rate of 18% per annum, which have accrued in the amount of **$9,701.48** through December 9, 2010, and which late charges will continue to accrue, plus costs for the PACA Complaint in the amount of **$500**, as set forth above, plus recoverable attorneys' fees, costs and interest according to proof, all of which qualifies for protection under the PACA trust.

35.     OAI and the RESPONSIBLY CONNECTED PARTIES must immediately account to PLAINTIFF for all PACA trust assets currently in the possession of the RESPONSIBLY CONNECTED PARTIES and must immediately disgorge them to PLAINTIFF until full payment for the perishable agricultural commodities sold and shipped by PLAINTIFF to OAI has been made to PLAINTIFF.

## THIRD CAUSE OF ACTION

**(For Violation of the PACA – Failure to Account and Pay Promptly Against All of the Defendants)**

36.     PLAINTIFF realleges and incorporates by reference all allegations contained in paragraphs 1 to 35, inclusive, as if set forth in full herein.

37.     PLAINTIFF has demanded that OAI and the RESPONSIBLY CONNECTED PARTIES pay the amounts due stated above, for perishable agricultural commodities sold and delivered to OAI, as described above.  Despite these demands, OAI and the RESPONSIBLY CONNECTED PARTIES have failed and refused to truly, correctly, and accurately account for and make full payment for the Produce according to the terms of the Invoices.  Therefore, OAI and the RESPONSIBLY CONNECTED PARTIES have failed to perform the requirements of said Invoices, express and implied, and have breached their duty to account and pay for the Produce sold, and have diverted PACA trust assets to themselves and/or other third parties, all in violation of the PACA, 7 U.S.C. §§499e et seq., and all other pertinent regulations issued by the Secretary of Agriculture to the PACA.

38.     As a direct and proximate cause and result of the wrongful acts and omissions of OAI and the RESPONSIBLY CONNECTED PARTIES as alleged above, PLAINTIFF has suffered losses in the amount of at least **$75,053.25** for the Produce, plus late charges at the rate of 18% per annum, which have accrued in the amount of **$9,701.48** through December 9, 2010, and which late charges will

1  continue to accrue, plus costs for the PACA Complaint in the amount of **$500**, as set forth above, plus

2  recoverable attorneys' fees, costs and interest according to proof,  which sums have been wrongfully

3  withheld or diverted by OAI and the RESPONSIBLY CONNECTED PARTIES.

4  **FOURTH CAUSE OF ACTION**

5  **(For Injunctive Relief-**
**Against All Defendants)**

6    39. PLAINTIFF realleges and incorporates by reference all allegations contained in

7  paragraphs 1 to 38, inclusive, as if set forth in full herein.

8    40. Pursuant to the provisions of the PACA, 7 U.S.C. §499e(c)(1)-(4), perishable

9  agricultural commodities received by a commission merchant, broker or dealer in <u>all</u> transactions, and

10  <u>all</u> inventories or other products derived from these products are held in trust by the receiver for the

11  benefit of the unpaid supplier until such suppliers receive full payment of sums owed in connection

12  with such transactions.

13    41. On numerous occasions PLAINTIFF has demanded via written notice and/or telephone

14  calls that OAI and the RESPONSIBLY CONNECTED PARTIES pay the balances due to PLAINTIFF

15  in the amounts alleged in this Complaint, but OAI and the RESPONSIBLY CONNECTED PARTIES

16  have failed and refused and continue to fail and refuse to do so.

17

18    42. PLAINTIFF is informed, believes and thereon alleges that the PACA trust assets are

19  dissipating and will continue to dissipate unless OAI and the RESPONSIBLY CONNECTED

20  PARTIES are restrained.

21    43. Pursuant to the terms of the statutory trust, and pursuant to the fiduciary duties of OAI

22  and the RESPONSIBLY CONNECTED PARTIES, as described above, OAI and the RESPONSIBLY

23  CONNECTED PARTIES owed and still owe a duty to transfer to PLAINTIFF the sums owed to

24  PLAINTIFF for the produce shipments which are the subject of this Complaint.   43.   PLAINTIFF

25  is informed and believes and thereon alleges that OAI and the RESPONSIBLY CONNECTED

26  PARTIES have diverted and will continue to divert PACA trust assets due and owing to PLAINTIFF

27  either to themselves or to third parties, or will dissipate such assets.

28    44. PLAINTIFF is informed and believes and thereon alleges that OAI and the

1   RESPONSIBLY CONNECTED PARTIES have diverted and will continue to divert PACA trust assets

2   due and owing to PLAINTIFF either to themselves or to third parties, or will dissipate such assets.

3       45.   If such diversion and dissipation of assets is allowed to continue, PLAINTIFF will suffer

4   great and irreparable harm in that the PACA trust assets will not be preserved. Moreover, PLAINTIFF,

5   who is a statutory trust creditor under the PACA, will suffer great and irreparable harm if all proceeds

6   of sale of the Produce sold by PLAINTIFF are dissipated and are forever lost to such statutory trust

7   creditor.

8       46.   Therefore, PLAINTIFF requests that this Court enter an order for an accounting and

9   injunctive relief to compel turnover of all amounts subject to the PACA trust.  In the alternative,

10   PLAINTIFF requests that this Court enter an injunction directing that  OAI and the RESPONSIBLY

11   CONNECTED PARTIES, and their officers, employees, bankers, attorneys, agents, or any other person

12   acting on behalf of such parties not disburse, transfer or otherwise dissipate the PACA trust assets.

13       47.   PLAINTIFF is informed, believes and thereon alleges that OAI and the RESPONSIBLY

14   CONNECTED PARTIES will not be damaged or injured in any way by the requested relief because

15   the assets they hold are due and owing to PLAINTIFF.  Further, to the extent the assets are secured by

16   the PACA trust, such assets rightfully belong to PLAINTIFF and are held in trust by such parties for

17   the benefit of PLAINTIFF.

18

19                          **FIFTH CAUSE OF ACTION**

20              **(For Unjust Enrichment Against All of the Defendants)**

21       48.   PLAINTIFF realleges and incorporates by reference all allegations contained in

22   paragraphs 1 to 47, inclusive, as if set forth in full herein.

23       49.   On information and belief, OAI received all of the rights and benefits due to OAI

24   pursuant to the Invoices, but failed to meet its obligations to PLAINTIFF pursuant to the Invoices, and

25   did not remit to PLAINTIFF all of the amounts due for the Produce pursuant to the terms of the

26   Invoices. Instead, OAI and/or the RESPONSIBLY CONNECTED PARTIES have converted, to their

27   own use and benefit, the Produce delivered to OAI by Plaintiff, and/or the proceeds derived therefrom,

28   valued in the cumulative amount of at least **$75,053.25.**

50.     If OAI and the RESPONSIBLY CONNECTED PARTIES are allowed to continue to convert and/or use such PACA trust assets and/or proceeds derived therefrom, they will be unjustly enriched to the detriment of PLAINTIFF.

51.     As a direct and proximate result of the wrongful conversion of funds due to PLAINTIFF, PLAINTIFF has been damaged, and OAI and the RESPONSIBLY CONNECTED PARTIES have been unjustly enriched in the cumulative amount of at least **$75,053.25.**

<b><u>SIXTH CAUSE OF ACTION</u></b>

<b>(For Conversion-Against All Defendants)</b>

52.     PLAINTIFF realleges and incorporates by reference all allegations contained in paragraphs 1 to 50, inclusive, as if set forth in full herein.

53.     At all times relevant herein, PLAINTIFF was and currently is, entitled to possession of the specific sums as alleged herein for the sale of the Produce in the total cumulative amount of at least **$75,053.25**, as described in detail above.

54.     PLAINTIFF has repeatedly demanded the immediate turnover of the above-mentioned sums but OAI and the RESPONSIBLY CONNECTED PARTIES have failed and refused and continue to fail and refuse to turn over such sums of money to PLAINTIFF.

55.     PLAINTIFF is informed and believes and thereon alleges that OAI and the RESPONSIBLY CONNECTED PARTIES have diverted payments of OAI's accounts receivable, assets of the PACA trust, and monies due and owing to PLAINTIFF to themselves and/or to other unknown third parties. As a result, PLAINTIFF has been damaged in the amount of at least **$75,053.25**, as set forth above.

<b><u>SEVENTH CAUSE OF ACTION</u></b>

<b>(For Constructive Trust/Disgorgement Against All of the Defendants)</b>

56.     PLAINTIFF realleges and incorporates by reference all allegations contained in paragraphs 1 to 55, inclusive, as if set forth in full herein.

57.     PLAINTIFF is informed and believes and thereon alleges that OAI and/or the RESPONSIBLY CONNECTED PARTIES are in possession of PACA trust assets rightfully belonging

to PLAINTIFF and in which PLAINTIFF has a beneficial interest, consisting of cash, cash on deposit, inventory of perishable agricultural commodities, accounts receivable, and/or the proceeds of sale therefrom.

58.     PLAINTIFF has demanded the immediate turnover of all PACA trust assets in the possession of OAI and/or the RESPONSIBLY CONNECTED PARTIES, who have however failed and refused, and continue to fail and refuse, to turnover said PACA trust assets.

59.     By virtue of PLAINTIFF's status as a PACA trust beneficiary and by virtue of the possession of PACA trust assets described herein by OAI and/or the RESPONSIBLY CONNECTED PARTIES, said Defendants hold such PACA trust assets in trust as constructive trustees for PLAINTIFF's benefit.

60.     PLAINTIFF does not know the specific value of the PACA trust assets held by OAI and/or the RESPONSIBLY CONNECTED PARTIES and therefore a full accounting is necessary to determine the scope, extent, and value of PACA trust assets being held by each of the said Defendants.

61.     PLAINTIFF is informed and believes and thereon alleges that OAI and/or the RESPONSIBLY CONNECTED PARTIES hold monies, inventory, accounts receivable, and/or other PACA trust assets belonging to PLAINTIFF in the cumulative amount of at least **$75,053.25**, the value of said perishable commodities belonging to PLAINTIFF, as constructive trustees for the benefit of PLAINTIFF.

WHEREFORE, PLAINTIFF prays for judgment as follows:

**FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT:**

1.     For damages due for the sale of the Produce pursuant to the Invoices in the amount of at least **$75,053.25**;

2.     For late charges at the rate of 18% per annum, in an amount of **$9,701.48** through December 9, 2010, and which late charges will continue to accrue through the date of judgment, and which will be determined according to proof, plus post-judgment interest, at the highest rate permitted by law, in an amount to be determined according to proof;

3.     For costs of suit, including without limitation, the costs for the PACA Complaint in the

1    amount of **$500**, plus reasonable attorneys' fees, in an amount to be determined according to proof; and

2        4.    For such other and further relief as the court may deem just and proper.

3    //

4    **SECOND CAUSE OF ACTION FOR ENFORCEMENT OF THE PACA TRUST PROVISIONS
5    & DISGORGEMENT:**

6        1.    For an order requiring all of the Defendants to immediately account for and pay all

7    PACA trust assets to PLAINTIFF in the total sum of **$75,053.25**;

8        2.    For late charges at the rate of 18% per annum, in an amount of **$9,701.48** through

9    December 9, 2010, and which late charges will continue to accrue through the date of judgment, and

10   which will be determined according to proof, plus post-judgment interest, at the highest rate permitted

11   by law, in an amount to be determined according to proof;

12       3.    For costs of suit, including without limitation, the costs for the PACA Complaint in the

13   amount of **$500**, plus reasonable attorneys' fees, in an amount to be determined according to proof; and

14       4.    For such other and further relief as the court may deem just and proper.

15   **THIRD CAUSE OF ACTION FOR VIOLATION OF THE PACA – FAILURE TO ACCOUNT
16   AND PAY PROMPTLY:**

17       1.    For damages against all of the Defendants in the total sum of at least **$75,053.25**;

18       2.    For an order requiring all of the Defendants to immediately account for and pay all

19   PACA trust assets to PLAINTIFF in the cumulative amount of **$75,053.25**, jointly and severally;

20       3.    For late charges at the rate of 18% per annum, in an amount of **$9,701.48** through

21   December 9, 2010, and which late charges will continue to accrue through the date of judgment, and

22   which will be determined according to proof, plus post-judgment interest, at the highest rate permitted

23   by law, in an amount to be determined according to proof;

24       4.    For costs of suit, including without limitation, the costs for the PACA Complaint in the

25   amount of **$500**, plus reasonable attorneys' fees, in an amount to be determined according to proof; and

26       5.    For such other and further relief as the court may deem just and proper.

27   **FOURTH CAUSE OF ACTION FOR INJUNCTIVE RELIEF**

28       1.    For an accounting and injunctive relief to turn over all of the amounts which are the

subject of the PACA trust;

    2.      For late charges at the rate of 18% per annum, in an amount  of **$9,701.48** through December 9, 2010, and which late charges will continue to accrue through the date of judgment, and which will be determined according to proof, plus post-judgment interest, at the highest rate permitted by law, in an amount to be determined according to proof;

    3.      For costs of suit, including without limitation, the costs for the PACA Complaint in the amount of **$500**, plus reasonable attorneys' fees, in an amount to be determined according to proof; and

    4.      For such other and further relief as the court may deem just and proper.

**FIFTH CAUSE OF ACTION FOR UNJUST ENRICHMENT:**

    1.      For damages against all of the Defendants in the total sum in the amount of at least **$75,053.25,** jointly and severally;

    2.      For late charges at the rate of 18% per annum, in an amount  of **$9,701.48** through December 9, 2010, and which late charges will continue to accrue through the date of judgment, and which will be determined according to proof, plus post-judgment interest, at the highest rate permitted by law, in an amount to be determined according to proof;

    3.      For costs of suit, including without limitation, the costs for the PACA Complaint in the amount of **$500**, plus reasonable attorneys' fees, in an amount to be determined according to proof; and

    4.      For such other and further relief as the court may deem just and proper.

**SIXTH CAUSE OF ACTION FOR CONVERSION**

    1.      For value of the monies converted in the amount of at least **$75,053.25;**

    2.      For late charges at the rate of 18% per annum, in an amount of **$9,701.48** through December 9, 2010, and which late charges will continue to accrue through the date of judgment, and which will be determined according to proof, plus post-judgment interest, at the highest rate permitted by law, in an amount to be determined according to proof;

    3.      For costs of suit, including, without limitation, the costs for the PACA Complaint in the amount of **$500**, plus reasonable attorneys' fees, in an amount to be determined according to proof; and

    4.      For such other and further relief as the court may deem just and proper.

**SEVENTH CAUSE OF ACTION FOR CONSTRUCTIVE TRUST/DISGORGEMENT:**

1.    For damages in the amount of at least **$75,053.25;**

2.    For punitive and exemplary damages in an amount according to proof;

3.    For late charges at the rate of 18% per annum, in an amount of **$9,701.48** through December 9, 2010, and which late charges will continue to accrue through the date of judgment, and which will be determined according to proof, plus post-judgment interest, at the highest rate permitted by law, in an amount to be determined according to proof;

4.    For costs of suit, including, without limitation, the costs for the PACA Complaint in the amount of **$500**, plus reasonable attorneys' fees, in an amount to be determined according to proof; and

5.    For such other and further relief as the court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.

DATED: December 9, 2010

ANASTASSIOU & ASSOCIATES

By:                      
              Effie F. Anastassiou
              Attorneys for RELIABLE PRODUCE
              SOURCING, LLC

F:\WVP\Organic Alliance Dispute\Pleadings\Complaint\Complaint.wpd

# EXHIBIT A

Amounts Owed by Organic Alliance, Inc.

| Invoice Number | Ship Date | Due Date | Invoice Amount | Late Charges Rate | Late Charges as of 12/9/2010 | Total Due on Invoice |
|---|---|---|---|---|---|---|
| 14613 | 3/6/10 | 3/16/10 | $ 14,830.00 | 18% | $ 1,960.00 | $16,790.00 |
| 14663 | 3/11/10 | 3/21/10 | $ 17,816.50 | 18% | $ 2,310.78 | $20,127.28 |
| 14685 | 3/12/10 | 3/22/10 | $ 12,810.00 | 18% | $ 1,655.12 | $14,465.12 |
| 14696 | 3/15/10 | 3/25/10 | $ 20,085.50 | 18% | $ 2,565.44 | $22,650.94 |
| 14695 | 3/16/10 | 3/26/10 | $ 9,511.25 | 18% | $ 1,210.14 | $10,721.39 |
| | | | $ 75,053.25 | | $ 9,701.48 | $84,754.73 |

Principal:            $ 75,053.25
Interest:             $  9,701.48
PACA Complaint Fee:   $    500.00
Total Due:            $ 85,254.73

# INVOICE

**RELIABLE PRODUCE SOURCING. LLC**
P.O. BOX 635 • • Grant, MI 49327
805-310-5575 • Fax 805-310-5580

| | | |
|---|---|---|
| | **DATE:** 3/5/2010 | **INVOICE NUMBER** **014613** |

**BILL TO:** Organic Alliance, Inc.
401 Monterey Street
Salinas, CA 93901  USA

ORDER NO.            014613
DATE SHIPPED       3/5/2010

**SHIP TO:** Organic Alliance, Inc.
401 Monterey Street
SAN ANTONIO, TX 93901   USA

P.O. NUMBER            201098
SHIPPING POINT
VEHICLE ID NO.
SALESMAN               KF
TERMS                      Net 10 Days

| DESCRIPTION | SIZE | COUNTRY OF ORIGIN | NO. OF UNITS | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| YELLOW ONCTN JUMBO | J | USA | 840 | 17.5000 | 14,700.00 |
| | | | 840 | | 14,700.00 |
| | | | 20 | 6.5000 | 130.00 |
| PALLETS | | | | | 130.00 |
| | | | | **SUB TOTAL:** | $14,830.00 |

TRUCK LOADED: 3-5-10
TRUCK NAME:  RAMIREZ
LIC #:  0708TD ID

EXHIBIT – 1

| | |
|---|---|
| **BALANCE:** | $14,830.0 |

CREDIT TERMS: 21 days from shipment date with signed 21 day letter on file, otherwise payment is required within 10 days.  A monthly finance charge of 1 ½% will be assessed on invoices not receipted within stated terms.  In the event of legal action, including arbitration, is commenced to collect funds due under this invoice, the prevailing party will be entitled to recover reasonable attorney fees and court costs, in addition to any other damages allowed by law.  All Sales F.O.B. No Grade Contract.  Good delivery standards apply excluding bruising, enlarged and open bud clusters on broccoli, bruising and/or discoloration following bruising and blistering and/or peeling due to lettuce field freeze.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller o these commodities retains a trust claim over these commodities, all  inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities u full payment is received.

Mar 08 10 07:30a       Purchasing                        541-481-3384              p.1

## STRAIGHT BILL OF LADING FOR EXEMPT COMMODITIES - ORIGINAL NON-NEGOTIABLE

**Walla Walla River P&S, LLC**
2250 Detour Road
Walla Walla, WA 99362
Phone: 509-526-7117 Fax 509-526-7118

RECEIVED, from shipper named herein, the perishable property described below, in apparent good order and condition, except as noted below (contents and condition of contents of packages unknown), marked consigned, and destined as indicated below, throughout this contract as meaning any person or corporation in possession of the property under the contract), in consideration of the transportation charges to be paid, agrees to carry to its usual place of delivery of said destination, if on its route, or otherwise to deliver to another carrier on the route, said property to the consignee, subject to the terms and conditions of this contract printed or written on the face and back hereof, which are hereby agreed to by the carrier, the shipper, and the truck broker, if any.

| | |
|---|---|
| Order Number: **2716** | Destination: **BOTSFORD & GOODFELLOW** **CLACKAMAS , OR** **UNITED STATES** |
| Salesperson: **HARRY HAMADA** | Ship Date: **Mar 06, 2010** |
| Buyer P.O#: **101640 H064BOT2** | Ship From: **WWRPS** |
| | Phone: |
| | Terms: **FOB** |

Bill of Lading No. **2716**

| Via: | Truck | Piggy: | Carrier: | Truck Broker: | | |
|---|---|---|---|---|---|---|
| | Ship: | Rail: | Driver: **RAMIREZ** | License: | State: | Exp. Date: |
| | Air: | | Tractor License: | State: | Trailer License: **0708TD** | State: **ID** |

Reporting Instructions:                                                    Page 1 of 1

| Shipped Quantity: | Description of Articles, Special Marks and Exceptions: |
|---|---|
| 840 | HYBRID ONIONS 50LB REG JUMBO US #2 BLUE MTN YELLOW USA-WA |
| 0 - PALLETS IN | |
| 20 - PALLETS OUT | |

EXHIBIT - 1

| 840 Total Packages: | 840 Total Containers: |
|---|---|

| Inspection: | Recorder No.: | Chart No.: | Temperature Instructions: Low: 50    High: 55 |
|---|---|---|---|

Loading Instructions:

Delivery Instructions:                                             Delivery Date:

Billing Instructions:

| | Carrier arranged for by: | | Charges paid by: | |
|---|---|---|---|---|
| | Shipper | Receiver | Shipper | Receiver |

If shipment is to be delivered to consignee without recourse to shipper, shipper shall sign the following. Carrier shall not make delivery without payment of freight and all other lawful charges.

**Shipper Signature:**                                    Date:          Time:

Driver's Receipt: I have received above property in good shipping condition, have verified the count, and am satisfied that said shipment is loaded and properly braced.

**Driver Signature:**  _Ricar. A Ramirez_                Date:          Time:

Consignee's Receipt: I have received above perishable property in good order, except as noted.

**Consignee's Signature:**                               Date:          Time:

# INVOICE

RELIABLE PRODUCE SOURCING. LLC
P.O. BOX 635 • • Grant, MI 49327
805-310-5575 • Fax 805-310-5580

| DATE: | INVOICE NUMBER |
|---|---|
| 3/12/2010 | **014663** |

**BILL TO:**
Organic Alliance, Inc.
401 Monterey Street
Salinas, CA 93901 USA

ORDER NO.          014663
DATE SHIPPED    3/12/2010

**SHIP TO:**
Organic Alliance, Inc.
401 Monterey Street
Laredo, TX 93901 USA

P.O. NUMBER          201101
SHIPPING POINT
VEHICLE ID NO.
SALESMAN               KF
TERMS                     Net 10 Days

| DESCRIPTION | SIZE | COUNTRY OF ORIGIN | NO. OF UNITS | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| YELLOW ONCTN COLLOSSAL | C | USA | 50 | 22.5000 | 1,125.00 |
| YELLOW ONCTN JUMBO | J | USA | 200 | 19.2500 | 3,850.00 |
| YELLOW ONCTN JUMBO | J | USA | 346 | 20.5000 | 7,093.00 |
| YELLOW ONCTN JUMBO | J | USA | 50 | 22.5000 | 1,125.00 |
| YELLOW ONCTN MEDIUM | M | USA | 200 | 22.5000 | 4,500.00 |
| | | | 846 | | 17,693.00 |
| | | | 19 | 6.5000 | 123.50 |
| PALLETS | | | | | 123.50 |

SUB TOTAL: $17,816.50

TRUCK LOADED: 3-11-10
TRUCK NAME: BENAVIDES TRUCKING
LIC # 1128CK WA

EXHIBIT- 2

BALANCE: $17,816.

CREDIT TERMS: 21days from shipment date with signed 21day letter on file, otherwise payment is required within 10 days. A monthly finance charge of 1 1/2% will be assessed on invoices not receipted within stated terms. In the event of legal action, including arbitration, is commenced to collect funds due under this invoice, the prevailing party will be entitled to recover reasonable attorney fees and court costs, in addition to any other damages allowed by law. All Sales F.O.B. No Grade Contract. Good delivery standards apply excluding bruising, enlarged and open bud clusters on broccoli, bruising and/or discoloration following bruising and blistering and/or peeling due to lettuce field freeze.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all  inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities full payment is received

Mar 12 10 07:23a        Purchasing                                     541-481-3384                    p.1

## STRAIGHT BILL OF LADING FOR EXEMPT COMMODITIES – ORIGINAL NON-NEGOTIABLE

**Walla Walla River P&S, LLC**
2250 Detour Road
Walla Walla, WA 99362
Phone: 509-526-7117 Fax: 509-526-7118

RECEIVED, from shipper named herein, the personal property described below, in apparent good order and condition, except as noted below  (contents and condition of contents of packages unknown), marked consigned, and declined as indicated below, throughout this contract as meaning any person or corporation in possession of the property under the contract), in consideration of the transportation charges to be paid, agrees to carry to the usual place of delivery at said destination, if on its route, or otherwise to deliver to another carrier on the route, said property to the consignee, subject to the terms and conditions of this contract printed or written on the face and back hereof, which are hereby agreed to by the carrier, the shipper, and the truck broker, if any.

| | | |
|---|---|---|
| Order Number: 2787 | Destination: RELIABLE PRODUCE | Bill of Lading No. 2787 |
| Salesperson: HARRY HAMADA | | Ship Date: Mar 11, 2010 |
| Buyer P.O.#: 101699/W068BOI2 | Phone: | Ship From: WWRPS |
| | | Terms: FOB |

Via:
  Truck:        Piggy:
  Ship:         Rail:
  Air:

Carrier:                                Truck Broker:

| | | |
|---|---|---|
| | License: | State: Exp. Date: |
| Driver: BENAVIDES TRUCKING | | State: WA |
| Tractor License: | State: | Trailer License: 1128-UK |

Reporting Instructions:                                                          Page 1 of 1

| Shipped Quantity | Description of Articles, Special Marks and Exceptions: |
|---|---|
| 200 | HYBRID ONIONS 50LB REG MEDIUM US #1 PASSPORT YELLOW USA-WA |
| 50 | HYBRID ONIONS 50LB REG JUMBO US #1 TOMMY'S CHOICE YELLOW USA-WA |
| 50 | HYBRID ONIONS 50LB REG COLOSSAL US #1 COLUMBIA RIVER YELLOW USA-WA |
| 546 | HYBRID ONIONS 50LB REG JUMBO US #2 BLUE MTN YELLOW USA-WA |

OUT = 19 PALLETS
IN = 0 PALLETS

EXHIBIT - 2

| 846 Total Packages: | 846 Total Containers: |
|---|---|
| Inspection:   Recorder No.:   Chart No.: | Temperature Instructions: Low: 50    High: 55 |

Loading Instructions:                                          Delivery Date:

| Delivery Instructions: | | Carrier arranged for by: | Charges paid by: |
|---|---|---|---|
| Billing Instructions: | | Shipper   Receiver | Shipper   Receiver |
| | | | Date:        Time: |

If shipment is to be delivered to consignee without recourse to shipper, shipper shall sign the following. Carrier shall not make delivery without payment of freight and all other lawful charges.

**Shipper Signature:** _Rigoberto Mara_   03/11/10        Date:        Time:

Driver's Receipt: I have received above property in good shipping condition, have verified the count, and am satisfied that said shipment is loaded and properly braced.

**Driver Signature:** _Tom B_                          3-11-10        Date:        Time:

Consignee's Receipt: I have received above perishable property in good order, except as noted:

**Consignee's Signature:**                                        Date:        Time:

# INVOICE

**RELIABLE PRODUCE SOURCING. LLC**
P.O. BOX 635 • Grant, MI 49327
805-310-5575 • FAX 805-310-5580

| DATE: | | INVOICE NUMBER |
|---|---|---|
| 3/12/2010 | | **014685** |

**BILL TO:**   Organic Alliance, Inc.
401 Monterey Street
Salinas, CA 93901  USA

| ORDER NO. | 014685 |
|---|---|
| DATE SHIPPED | 3/12/2010 |

**SHIP TO:**   Organic Alliance, Inc.
401 Monterey Street
SAN ANTONIO, TX 93901   USA

| P.O. NUMBER | 201105 |
|---|---|
| SHIPPING POINT | SAN JOSE, CA |
| VEHICLE ID NO. | |
| SALESMAN | KF |
| TERMS | Net 10 Days |

| DESCRIPTION | SIZE | COUNTRY OF ORIGIN | NO. OF UNITS | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| BELL PEPPER GREEN | CHO | Mexico | 228 | 31.5000 | 7,182.00 |
| BELL PEPPER GREEN | CHO | Mexico | 168 | 33.5000 | 5,628.00 |
| | | | 396 | | 12,810.00 |

TRUCK LOADED: 3-12-10
TRUCK NAME:
LIC #:  Y37846 TX
TIME OUT:  6:15 PM

EXHIBIT - 3

| | BALANCE: | $12,810.0 |
|---|---|---|

CREDIT TERMS:  21 days from shipment date with signed 21 day letter on file, otherwise payment is required within 10 days.  A monthly finance charge of 1 1/2% will be assessed on invoices not receipted within stated terms.  In the event of legal action, including arbitration, is commenced to collect funds due under this invoice, the prevailing party will be entitled to recover reasonable attorney fees and court costs, in addition to any other damages allowed by law.  All Sales F.O.B. No Grade Contract.  Good delivery standards apply excluding bruising, enlarged and open bud clusters on broccoli, bruising and/or discoloration following bruising and blistering and/or peeling due to lettuce field freeze.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

Load #.

**Bay Area Produce Inc.**
San José. California
Tel. (408) 395-1111
FAX (408) 395-2894

## FRUIT & VEGETABLE
## BILL OF LADING

Nogales, Arizona
Telephone: 520-761-1240
FAX: 520-761-1946

CUST. # 734
Sold to   RELIABLE PRODUCE SOURCING, LLC
Ship to   RELIABLE PRODUCE SOURCING, LLC
Address   P. O. BOX 635                    , MI 49327
City & State   GRANT
Customer Tel. # (231)834-5634

P.O. # 14685
Date Shipped   3/12/2010
Time Out   6:15 PM
Truck Line   BUYERS TRUCK
License #   X 137596

The property described below, in apparent good order, except as noted (contents and condition of contents of packages unknown), marked, consigned and destined as indicated below, which said carrier (the word carrier being understood throughout this contract as meaning any person or corporation in possession of property under the contract) agrees to carry to its usual place of delivery at said destination if on its route, otherwise to deliver to another carrier on the route to said destination. It is mutually agreed, as to each carrier of all or any of said route to destination and as to each party at any time interested in all or any of said property, that every service to be performed hereunder shall be subject to all the terms and conditions of the said bill of lading set forth (1) in Official, Southern, Western and Illinois Freight Classifications in effect on the date hereof, if this is a rail or rail-water shipment, or (2) in the applicable motor carrier classification or tariff if this is a motor carrier shipment. Shipper hereby certifies that he is familiar with all the terms and conditions of the said bill of lading, including those on the back thereof, set forth in classification of tariff which governs the transportation of this shipment and the said terms and conditions are hereby agreed to by the shipper and accepted for himself and his assigns.

| Qty. Ord. | Qty. Ship | Prod.# | Description | Label |
|---|---|---|---|---|
| | | | | ESMERALDA |
| 168 | 168 | 3404 -01 | BELL PEPPER SMALL MEXICO | NO LABEL |
| 228 | 228 | 3408 -01 | BELL PEPPER CHOICE MEXICO | |
| Total Ordered : | | 396 | | |
| Total Shipped : | | 396 | | |

EXHIBIT - 3

DRIVERS WILL BE FINED_____ FOR FAILURE TO REPORT
EACH MORNING BY 8:00 A.M. - KEEP TEMP. AT

Received by _____
Special Instructions: _____

This certifies that above named materials are properly classified, described, packaged, marked and labeled, and are in proper condition for transportation according to applicable regulation of the Dept. of Transportation. "If the shipment moves between two ports by a carrier by water, the law requires that the bill of lading shall state whether it is "carrier's or shipper's right". Shippers imprint in lieu of stamp; not a part of Bill of Lading approved by the Interstate Commerce Commission. NOTE: Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property.

bps, inc 217112

White - Bay Area Office        Yellow - Customer        Pink - Trucker

# INVOICE

**RELIABLE PRODUCE SOURCING. LLC**
P.O. BOX 635 • Grant, MI 49327
805-310-5575 • Fax 805-310-5580

| DATE: | | INVOICE NUMBER |
|-------|---|----------------|
| 3/16/2010 | | **014696** |

BILL TO:   Organic Alliance, Inc.
401 Monterey Street
Salinas, CA 93901  USA

ORDER NO.                    014696
DATE SHIPPED           3/16/2010

SHIP TO:   Organic Alliance, Inc.
401 Monterey Street
DENVER, CO 93901    USA

P.O. NUMBER            201108
SHIPPING POINT
VEHICLE ID NO.
SALESMAN                  KF
TERMS                        Net 10 Days

| DESCRIPTION | SIZE | COUNTRY OF ORIGIN | NO. OF UNITS | UNIT PRICE | AMOUNT |
|-------------|------|-------------------|--------------|------------|--------|
| YELLOW ONCTN JUMBO | J | USA | 850 | 23.5000 | 19,975.00 |
| | | | 850 | | 19,975.00 |
| PALLETS | | | 17 | 6.5000 | 110.50 |
| | | | | | 110.50 |
| | | | | SUB TOTAL: | $20,085.50 |

TRUCK LOADED:  3-15-10
TRUCK NAME:  PACIFIC SHIPPING
LIC #:  5193W OK

EXHIBIT - 5

| | BALANCE: | $20,085.5 |

CREDIT TERMS:  21 days from shipment date with signed 21 day letter on file, otherwise payment is required within 10 days.  A monthly finance charge of 1 1/2% will be assessed on invoices not receipted within stated terms.  In the event of legal action, including arbitration, is commenced to collect funds due under this invoice, the prevailing party will be entitled to recover reasonable attorney fees and court costs, in addition to any other damages allowed by law.  All Sales F.O.B. No Grade Contract.  Good delivery standards apply excluding bruising, enlarged and open bud clusters on broccoli, bruising and/or discoloration following bruising and blistering and/or peeling due to lettuce field freeze.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)).  The seller o these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities u full payment is received.

## STRAIGHT BILL OF LADING FOR EXEMPT COMMODITIES - ORIGINAL NON-NEGOTIABLE

**Walla Walla River P&S, LLC**
2250 Detour Road
Walla Walla, WA 99362
Phone: 509-526-7117 Fax: 509-526-7118

RECEIVED, from shipper named herein, the perishable property described below, in apparent good order and condition, except as noted below (contents and condition of contents of packages unknown), marked consigned, and destined as indicated below, throughout this contract as meaning any person or corporation in possession of the property under the contract, in consideration of the transportation charges to be paid, agrees to carry to its usual place of delivery at said destination, if on its route, or otherwise to deliver to another carrier on the route, said property to the consignee, subject to the terms and conditions of the contract printed or written on the face and back hereof, which are hereby agreed to by the carrier, the shipper, and the truck broker, if any.

| | | |
|---|---|---|
| Order Number: **2813** | Destination: **RELIABLE PRODUCE** | Bill of Lading No. **2813** |
| Salesperson: **HARRY HAMADA** | | Ship Date: **Mar 15, 2010** |
| Buyer P.O.#: **WO71BOT3** /1791 | Phone: | Ship From: **WWRPS** Terms: **FOB** |

| Via: | Carrier: | Truck Broker: | |
|---|---|---|---|
| Truck:  Piggy: Ship:   Rail: Air: | Driver: **PACIFIC SHIPPING** | License:          State:     Exp. Date: | |
| | Tractor License:          State: | Trailer License: **5193W** | State: **OK** |
| Reporting Instructions: | | | Page 1 of 1 |

| Shipped Quantity: | Description of Articles, Special Marks ans Exceptions: |
|---|---|
| 850 | HYBRID ONIONS 50LB REG JUMBO US #1 TOMMY'S CHOICE YELLOW USA-WA |
| 0 - PALLETS IN | |
| 17 - PALLETS OUT | |

E X H I B I T - 5

| | 850 Total Packages: | | 850 Total Containers: | | |
|---|---|---|---|---|---|
| Inspection: | Recorder No.: | Chart No.: | Temperature Instructions: Low: 50      High: 55 | | |
| Loading Instructions: | | | | | |
| Delivery Instructions: | | | Delivery Date: | | |
| Billing Instructions: | | | Carrier arranged for by: Shipper    Receiver | Charges paid by: Shipper    Receiver | |
| If shipment is to be delivered to consignee without recourse to shipper, shipper shall sign the following: Carrier shall not make delivery without payment of freight and all other lawful charges. | **Shipper Signature:** | | | Date: **3-15-11** | Time: |
| Driver's Receipt: | I have received above property in good shipping condition, have verified the count, and am satisfied that said shipment is loaded and properly braced. | **Driver Signature:** | | Date: | Time: |
| Consignee's Receipt: | I have received above perishable property in good order, except as noted: | **Consignee's Signature:** | | Date: | Time: |

# INVOICE

### RELIABLE PRODUCE SOURCING. LLC
P.O. BOX 635 · · Grant, MI 49327
805-310-5575 · Fax 805-310-5580

| DATE: | INVOICE NUMBER |
|---|---|
| 3/12/2010 | **014695** |

**BILL TO:** Organic Alliance, Inc.
401 Monterey Street
Salinas, CA 93901  USA

ORDER NO.            014695
DATE SHIPPED      3/12/2010

**SHIP TO:** Organic Alliance, Inc.
401 Monterey Street
VICTORIA, TX 93901    USA

P.O. NUMBER          201107
SHIPPING POINT
VEHICLE ID NO.
SALESMAN               KF
TERMS                     Net 10 Days

| DESCRIPTION | SIZE | COUNTRY OF ORIGIN | NO. OF UNITS | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| | J | USA | 840 | 20.7000 | 17,388.00 |
| YELLOW ONCTN JUMBO | | | 840 | | 17,388.00 |
| | | | 20 | 6.5000 | 130.00 |
| | | | 1 | -8006.7500 | -8,006.75 |
| PALLETS | | | | | |
| ADJUSTMENT | | | | | -7,876.75 |
| | | | | SUB TOTAL: | $9,511.25 |

TRUCK LOADED: 3-16-10
TRUCK NAME:  Z & R
LIC #:
TIME OUT:

EXHIBIT - 4

| | BALANCE: | $9,511. |
|---|---|---|

CREDIT TERMS: 21days from shipment date with signed 21day letter on file, otherwise payment is required within 10 days.  A monthly finance charge of 1 1/2% will be assessed on invoices not receipted within stated terms.  In the event of legal action, including arbitration, is commenced to collect funds due under this invoice, the prevailing party will be entitled to recover reasonable attorney fees and court costs, in addition to any other damages allowed by law.  All Sales F.O.B. No Grade Contract.  Good delivery standards apply excluding bruising, enlarged and open bud clusters on broccoli, bruising and/or discoloration following bruising and blistering and/or peeling due to lettuce field freeze.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all  inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities full payment is received.

STRAIGHT BILL OF LADING FOR EXEMPT COMMODITIES ORDER

Walla Walla River P&S, LLC
2250 Detour Road
Walla Walla, WA 99362
Phone: 509-526-7117 Fax: 509-526-7118

RECEIVED from shipper, subject to the classifications and lawful tariffs in effect on the date below, in apparent good order and condition except as noted below (contents and condition of contents of packages unknown), marked, consigned, and destined as indicated throughout this contract as meaning an ... person or corporation in possession of the property under the contract), in con... the transportation charges to be paid, agrees to carry to its usual place of delivery at said destination, if on its route ... er deliver to another carrier on the route ... aid property to the consignee, subject to the terms and conditions of this contract ... or written on the face and back hereof, which are hereby agreed to by the carrier, the shipper, and the truck broker, if ...

| | | |
|---|---|---|
| Order Number: 2810 | Destination: RELIABLE PRODUCE | Bil of Lading No 2810 |
| | | Ship Date: Mar 16, 2010 |
| Salesperson: HARRY HAMADA | | Ship From: WWRPS |
| Buyer P O.#: 101669/W071BOT2 | Phone: | Terms: FOB |

| Via: | | Carrier: | | Truck Broker: | | |
|---|---|---|---|---|---|---|
| Truck. Ship. Air | Piggy. Rail: | Driver: Z & R TRUCKING | | License: | State: | Exp. Date: |
| | | Tractor License: | State: | Trailer License: 2579-TW | | Stat WA |

Reporting Instructions:                                                                                    Page 1

| Shipped Quantity: | Description of Articles, Special Marks ans Exceptions: |
|---|---|
| 126 | HYBRID ONIONS 50LB REG JUMBO US #2 BLUE MTN YELLOW USA-WA |
| 714 | HYBRID ONIONS 50LB REG JUMBO US #2 FARM FRESH YELLOW USA-WA |

OUT = 20 PALLETS
IN = 0 PALLETS

EXHIBIT - 4

```
PFG VICTORIA RECEIVED
DATE        3/18/10
PALLETS IN   20   OUT  0
CASES OVER _____ SHORT _____
DAMAGED _____ TOTAL  840
RECEIVER  Kris A Konowa
CARRIER _____
DRIVER SIG _____
DRIVER PRINT _____
```

| 840 Total Packages: | 840 Total Containers: |
|---|---|
| Inspection       Recorder No.:       Chart No.: | Temperature Instructions: Low: 50        High: 55 |

| Loading Instructions: | | Delivery Date: | |
|---|---|---|---|
| Delivery Instructions: | | Carrier arranged for by: | Charges paid t |
| Billing Instructions: | | Shipper    Receiver | Shipper    Rec |
| | | | Date:         Tim |

If shipment is to be delivered to consignee without recourse to ... shipper, shipper shall sign the following:  Carrier shall not make delivery without payment of freight and all other lawful charges.

**Shipper Signature:** Rigoberto Nieto        03/16/10
Date:         Tim

| Driver's Receipt: | I have received above property in good shipping condition, have verified the count, and am satisfied that said shipment is loaded and properly braced. |
|---|---|

**Driver Signature:** Brought by Private

Date         Tim

| Consignee's Receipt: | I have received above perishable property in good order, except as noted: |
|---|---|

**Consignee's Signature:**

Date         Tim

**USDA**

| | | |
|---|---|---|
| U.S. DEPARTMENT OF AGRICULTURE AGRICULTURAL MARKETING SERVICE http://PPBInspections.ams.usda.gov | INSPECTION CERTIFICATE | T-061-0011-01736 |
| | | PAGE  1 of 2 |

| | | |
|---|---|---|
| CARRIER or LOT ID: PO     2170122 | APPLICANT: (211613VI1)PERFORMANCE FOOD VICTORIA, TX | REQUESTED:   3/23/2010    7:00 AM |
| LOADING STATUS: UNLOADED | | STARTED:        3/23/2010   10:04 AM |
| STATED BY: APPLICANT | SHIPPER: WALLA WALLA RIVER P&S, LLC WALLA WALLA, WA | COMPLETED: 3/23/2010   11:57 AM |
| ADDITIONAL ID: NA | | PASSWORD FOR ONLINE ACCESS |
| CARRIER TYPE:NA | MARKET OFFICE: SAN ANTONIO, TX | 6WYG3K9GHAVHPS6W |
| REFRIG UNIT:NA          DOORS: NA | INSP SITE: APPLICANT'S COOLER | ESTIMATED FEE:     $497.60 |

REMARKS:

**LOT A (CON) - ONIONS, OTHER THAN BGG, YELLOW**

| | | |
|---|---|---|
| TEMP:   51° to 57°F        INSP CT:   YES     NUMBER OF CONTAINERS: 100 OPEN MESH SACK(S) | | ORIGIN: WA |

MARKINGS:  BRAND: BLUE MOUNTAIN
          MARKINGS: LABELED BLUE MOUNTAIN ONIONS,  NET WT. 50 LBS.,  PACKED FOR WALLA WALLA RIVER PACKING & STORAGE, LLC,  WALLA WALLA,  WA.,  PRODUCE OF U.S.A.

PLI:  NONE                                                  OTHER ID:

| INJURY | DAM | SER DAM | V.S. DAM | OFFSIZE DEFECTS |
|---|---|---|---|---|
| NA | 4 | 1 | NA | BLACK MOLD BETWEEN THE SCALES (2 to 6%) |
| NA | 56 | 56 | NA | DECAY (48 to 69%) |
| NA | 60 | 57 | NA | CHECKSUM |

GRADE:

LOT DESC:  INSPECTION: RESTRICTED TO CONDITION ONLY AT APPLICANT'S REQUEST
          FIRMNESS: MOSTLY FIRM
          STAGES OF DECAY: MOSTLY EARLY,  SOME ADVANCED,  FEW MODERATE
          TEMPERATURES(4): 52°F, 53°F, 57°F, 51°F

I, the undersigned, a duly authorized inspector of the United States Department of Agriculture, do hereby certify that at the request of the applicant and on the date indicated, samples of the grain described product were inspected and the quality and/or condition as shown by the sample appears as herein stated.

Warning:  Any person who knowingly shall falsely make, issue, alter, forge or counterfeit this certificate or participate in any such actions, is subject to a fine of not more than $1,000 or imprisonment for not more than one year or both.

FORM FV-E300 (1.0.11.1)

Signature:  0011 - BENAVIDES JR., DC

*DC Benavides*

Date:
3/23/2010

EXHIBIT- 4A

**USDA** | U.S. DEPARTMENT OF AGRICULTURE  AGRICULTURAL MARKETING SERVICE  http://FPBInspections.ams.usda.gov | INSPECTION CERTIFICATE | T-061-0011-01736

PAGE 2 of 2

| CARRIER or LOT ID: PO    2170122 | APPLICANT: (211613VI1)PERFORMANCE FOOD | REQUESTED: 3/23/2010   7:00 AM |
|---|---|---|
| LOADING STATUS: UNLOADED | VICTORIA, TX | STARTED:   3/23/2010   10:04 AM |
| STATED BY: APPLICANT | SHIPPER: WALLA WALLA RIVER P&S, LLC | COMPLETED: 3/23/2010   11:57 AM |
| ADDITIONAL ID: NA | WALLA WALLA, WA | PASSWORD FOR ONLINE ACCESS |
| CARRIER TYPE:NA | MARKET OFFICE: SAN ANTONIO, TX | 6WYG3K9GHAVHPS6W |
| REFRIG UNIT: NA        DOORS: NA | INSP SITE: APPLICANT'S COOLER | ESTIMATED FEE:   SEE PAGE 1 |

REMARKS:

LOT B (CON): ONIONS OTHER THAN EGG: YELLOW | ORIGIN: WA

TEMP:  51° to 60°F    INSP CT:  YES    NUMBER OF CONTAINERS: 443 OPEN MESH SACK(S)

MARKINGS:  BRAND: NO BRAND
MARKINGS: LABELED FARM FRESH ONIONS, NET WEIGHT 50 LBS., DISTRIBUTED FOR: C.B.G. & S., PASCO, WA
PRODUCE OF U.S.A.

PLI:  NONE                                                OTHER ID:

| INJURY | DAM | SER DAM | V.S. DAM | OFFSIZE/DEFECTS |
|---|---|---|---|---|
| NA | 6 | 4 | NA | BLACK MOLD BETWEEN THE SCALES (4 to 7%) |
| NA | 1 | 1 | NA | WATERY SCALES (0 to 2%) |
| NA | 18 | 18 | NA | DECAY (12 to 28%) |
| NA | 25 | 23 | NA | CHECKSUM |

GRADE:

LOT DESC:  INSPECTION: RESTRICTED TO CONDITION ONLY AT APPLICANT'S REQUEST
FIRMNESS: MOSTLY FIRM
STAGES OF DECAY: MOSTLY EARLY, MANY ADVANCED, FEW MODERATE
TEMPERATURES(6): 51°F, 56°F, 52°F, 60°F, 51°F, 52°F

I, the undersigned duly authorized inspector of the United States Department of Agriculture, do hereby certify that the produce of the applicant and on the date indicated, samples of the herein described product were inspected and the quality and/or condition as shown by said samples were as herein stated.

Warning: Any person who knowingly shall falsely make, issue, alter, forge or counterfeit this certificate or participate in any such actions is subject to a fine of not more than $1,000 or imprisonment for not more than one year or both.

FORM FV-E300 (10-11-1)

| Signature:  0011 - BENAVIDES JR., DC | Date: |
|---|---|
| *DCBenavides* | 3/23/2010 |

EXHIBIT - 4A

Kristy Farmer

To:          phil
Subject:     FW: Onion load-

*Good morning Dr. Phil !*
*Here is the deduction for the onions....*

This is the information on PO   W071BOT2
Product in both lots failed USDA inspection.

| | | |
|---|---|---|
| Loss of re-cull | $27.00x200 cs | $5,400.00 |
| Product refusals- | $30.25 x 15 cs | $453.75 |
| Product re- culling- | $3.50x368 cs | $1,288.00 |
| Freight Charges | $1.00x368 cs | $368.00 |
| Inspection Charge | $ | $497.60 |

**Grand total of charges-          $8,006.75**
**Rate of 35% shrink- actual shrink on USDA report over 50%.**

Please auhorize the bill back or send a credit for $8006.75


**PERFORMANCE**
FOODSERVICE • Victoria

EXHIBIT — 4A

1

**EXHIBIT B**

UNITED STATES OF AMERICA
BEFORE THE SECRETARY OF AGRICULTURE
PACA FILE #W-10-289
PACA DOCKET NO. _____

RELIABLE PRODUCE SOURCING LLC    )
    Complainant                 )
                                )    COMPLAINT
        v.                   )
                                )
Organic Alliance, Inc.            )
    Respondent

Complainant above-named respectfully alleges:

1. That complainant is a limited liability company whose address is 1303 E. Grand Ave Suite #211, Arroyo Grande, Ca 93420.

2. That complainant is informed and believes that respondent is a Corporation, doing business as Organic Alliance, Inc. whose address, at time of the transaction herein, is 401 Monterey St., Suite 202, Salinas, California.

3. That respondent, at the time of the transaction involved herein, was licensed, or was subject to license, under the Perishable Agricultural Commodities Act of 1930, as a dealer, commission merchant, and/or broker.

4. That on or about the 5th day of March 2010 through about the 16th day of March 2010, in the course of interstate commerce, complainant, by oral contract sold to the respondent 5 truckloads/partial truckloads of mixed vegetables, being a perishable agricultural commodity, to the agreed invoices (5) totaling $83,060.00.

1

An allowance of $8,006.75 (see exhibit 4) was granted on 1 truckload leaving an agreed amount of $75,053.25.

5. That the said commodity on one load was inspected at Victoria, Texas on or about the 23rd of March, 2010, the report on which the inspection is set forth in certificate attached hereto in Exhibit 4A. An agreed allowance has been provided on invoice in the amount of $8,006.75.

6. That complainant shipped orders starting on March 5, 2010 through March 16, 2010 from loading points in the states of Washington and Arizona, in interstate commerce, to respondent, in the states of Colorado and Texas. The loads of mixed vegetables was the kind, quality, grade, and size called for in said contract of sale and in the manner agreed upon.

7. That upon arrival of said loads of mixed fruits and vegetables at destination, respondent accepted the commodity in compliance with said contract of sale but has since failed, neglected, and refused to pay complainant the agreed purchase price thereof. All loads were sold FOB shipping point and transportation of all five orders was arranged by respondent.

8. That the matters and actions set forth herein constitute a violation by respondent of Section 2 of the Perishable Agricultural Commodities Act.

9. That there is now due and owing complainant from respondent the sum of $78,981.56 which is a culmination of original files ($75,053.25) plus interest as a monthly finance fee listed on invoice at 1½% or 18% ($3,428.31) annually, and formal filing fees ($500.00), no part of which has been paid. It is further requested

that the interest continue to accrue as agreed to on signed credit application and said invoices until paid.

10. Complaint's exhibits, numbered 1 to 6, inclusive, are original, or true copies of original papers relating to the matters involved herein and are attached hereto as part of this complaint.

  1. Invoice 14613
  2. Invoice 14663
  3. Invoice 14685
  4. Invoice 14695
       4A    Inspection and credit on Invoice 14695
  5. Invoice 14696
  6. Credit Application

WHEREFORE, complaint prays that a copy of this complaint be served upon the above-named respondent and that he be required to answer the charges herein stated in writing with such time as the Secretary may require; that, upon the record made, either with or without formal hearing, as provided in the Act or in the regulations, and by appropriate order, the complainant be awarded such amount of damages as it may be entitled to receive according to the facts established, and that the Secretary also make such other and further orders and take such disciplinary action contemplated by Section 8 of the Act as may be deemed fit and proper in the premises.

3

Dated this 6th day of July, 2010

RELIABLE PRODUCE SOURCING, LLC
Complainant

JIM PHILSON

Title: Managing Member

**Jim Philson,** being first duly sworn, says that he has read the foregoing document and knows the contents thereof and that the facts set forth therein are true, except as to matters therein stated on information and belief, and as to such matters he believes them to be true, and that he is duly authorized to sign the complaint on behalf of the complainant.

Jim Philson

State of _CA_
County of _San Luis Obispo_


Subscribed and sworn to (or affirmed) before me on this _6_ day of _July_, 20_10_, by _Jim Philson_, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.


Signature _Kimberly L. Carithers_ (Seal)



KIMBERLY L. CARITHERS
Commission # 1721166
Notary Public - California
San Luis Obispo County
My Comm. Expires Jan 27, 2011

4

# INVOICE

**RELIABLE PRODUCE SOURCING. LLC**
P.O. BOX 635 · · Grant, MI 49327
805-310-5575 · FAX 805-310-5580

| DATE: | INVOICE NUMBER |
|---|---|
| 3/5/2010 | **014613** |

**BILL TO:** Organic Alliance, Inc.
401 Monterey Street
Salinas, CA 93901  USA

ORDER NO.          014613
DATE SHIPPED       3/5/2010

**SHIP TO:** Organic Alliance, Inc.
401 Monterey Street
SAN ANTONIO, TX  93901  USA

P.O. NUMBER         201098
SHIPPING POINT
VEHICLE ID NO.
SALESMAN            KF
TERMS              Net 10 Days

| DESCRIPTION | SIZE | COUNTRY OF ORIGIN | NO. OF UNITS | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| | J | USA | 840 | 17.5000 | 14,700.00 |
| YELLOW ONCTN JUMBO | | | 840 | | 14,700.00 |
| | | | 20 | 6.5000 | 130.00 |
| PALLETS | | | | | 130.00 |
| | | | | SUB TOTAL: | $14,830.00 |

TRUCK LOADED: 3-5-10
TRUCK NAME: RAMIREZ
LIC #: 0708TD ID

EXHIBIT - 1

| | BALANCE: | $14,830. |
|---|---|---|

CREDIT TERMS:  21days from shipment date with signed 21 day letter on file, otherwise payment is required within 10 days.  A monthly finance charge of 1 1/2% will be assessed on invoices not receipted with stated terms.  In the event of legal action, including arbitration, is commenced to collect funds due under this invoice, the prevailing party will be entitled to recover reasonable attorney fees and court costs, in addition to any other damages allowed by law.  All Sales F.O.B. No Grade Contract.  Good delivery standards apply excluding bruising, enlarged and open bud clusters on broccoli, bruising and/or discoloration following bruising and/or peeling due to lettuce field freeze.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities full payment is received.

Mar 08 10 07:30a      Purchasing                                541-481-3384            p.1

## STRAIGHT BILL OF LADING FOR EXEMPT COMMODITIES – ORIGINAL NON–NEGOTIABLE

**Walla Walla River P&S, LLC**
2250 Detour Road
Walla Walla, WA 99382
Phone: 509-526-7117 Fax 509-526-7118

RECEIVED, from shipper named herein, the perishable property described below, in apparent good order and condition, except as noted below (contents and condition of contents of packages unknown), marked consigned, and destined as indicated below, throughout this contract as meaning any person or corporation in possession of the property under the contract), in consideration of the transportation charges to be paid, agrees to carry to its usual place of delivery of said destination, if on its route, or otherwise to deliver to another carrier on the route, said property to the consignee, subject to the terms and conditions of this contract printed or written on the face and back hereof, which are hereby agreed to by the carrier, the shipper, and the truck broker, if any.

Bill of Lading No.

| Order Number: | Destination: | 2716 |
| 2716 | BOTSFORD & GOODFELLOW | |
| | CLACKAMAS , OR | Ship Date: |
| Salesperson: | UNITED STATES | Mar 06, 2010 |
| HARRY HAMADA | | Ship From: |
| Buyer P.O.#: | Phone: | WWRPS |
| 101640/H064BOT2 | | Terms: FOB |

| Via: | | | Carrier: | | Truck Broker: | | |
| | Truck: | Piggy: | | License: | | State: | Exp. Date: |
| | Ship: | Rail: | Driver: | | | | State: |
| | Air: | | RAMIREZ | State: | Trailer License: | | ID |
| | | | Tractor License: | | 0708TD | | |
| Reporting Instructions: | | | | | | Page 1 of 1 |

| Shipped Quantity | Description of Articles, Special Marks and Exceptions: |
| 840 | HYBRID ONIONS 50LB REG JUMBO US #2 BLUE MTN YELLOW USA-WA |
| 0 – PALLETS IN | |
| 20 – PALLETS OUT | |

EXHIBIT – 1

| | 840 Total Packages: | | | 840 Total Containers: | |
| Inspection: | Reorder No.: | Chart No.: | Temperature Instructions: Low: 50    High: 55 |

Loading Instructions:
Delivery Instructions:                                    **Delivery Date:**
Billing Instructions:          Carrier arranged for by:        Charges paid by:
                               Shipper    Receiver         Shipper    Receiver
                                                           Date:      Time:

If shipment is to be delivered to consignee without recourse to shipper, shipper shall sign the following. Carrier shall not make delivery without payment of freight and all other lawful charges.

**Shipper Signature:**

| Driver's Receipt: | I have received above property in good condition, have verified the count, and am satisfied that said shipment is loaded and properly braced. | **Driver Signature:** | | Date: | Time: |

Rase A Ramirez

| Consignee's Receipt: | I have received above perishable property in good order, except as noted. | **Consignee's Signature:** | | Date: | Time: |

# INVOICE

**RELIABLE PRODUCE SOURCING, LLC**
P.O. BOX 635 • • Grant, MI 49327
805-310-5575 • FAX 805-310-5580

| DATE: | | INVOICE NUMBER |
|---|---|---|
| 3/12/2010 | | **014663** |

BILL TO:   Organic Alliance, Inc.
401 Monterey Street
Salinas, CA  93901  USA

| | |
|---|---|
| ORDER NO. | 014663 |
| DATE SHIPPED | 3/12/2010 |

SHIP TO:   Organic Alliance, Inc.
401 Monterey Street
Laredo, TX  93901   USA

| | |
|---|---|
| P.O. NUMBER | 201101 |
| SHIPPING POINT | |
| VEHICLE ID NO. | |
| SALESMAN | KF |
| TERMS | Net 10 Days |

| DESCRIPTION | SIZE | COUNTRY OF ORIGIN | NO. OF UNITS | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| YELLOW ONCTN COLLOSSAL | C | USA | 50 | 22.5000 | 1,125.00 |
| YELLOW ONCTN JUMBO | J | USA | 200 | 19.2500 | 3,850.00 |
| YELLOW ONCTN JUMBO | J | USA | 346 | 20.5000 | 7,093.00 |
| YELLOW ONCTN JUMBO | J | USA | 50 | 22.5000 | 1,125.00 |
| YELLOW ONCTN MEDIUM | M | USA | 200 | 22.5000 | 4,500.00 |
| | | | 846 | | 17,693.00 |
| | | | 19 | 6.5000 | 123.50 |
| PALLETS | | | | | 123.50 |

SUB TOTAL:                    $17,816.50

TRUCK LOADED: 3-11-10
TRUCK NAME:  BENAVIDES TRUCKING
LIC # 1128CK WA

EXHIBIT- 2

BALANCE:        $17,816.

CREDIT TERMS:  21 days from shipment date with signed 21 day letter on file, otherwise payment is required within 10 days.  A monthly finance charge of 1 1⁄2% will be assessed on invoices not receipted with stated terms.  In the event of legal action, including arbitration, is commenced to collect funds due under this invoice, the prevailing party will be entitled to recover reasonable attorney fees and court costs, in addition to any other damages allowed by law.  All Sales F.O.B. No Grade Contract.  Good delivery standards apply excluding bruising, enlarged and open bud clusters on broccoli, bruising and/or discoloration following bruising and blistering and/or peeling due to lettuce field freeze.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all  inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

541-481-3384          p.1

Mar 12 10 07:23a     Purchasing

## STRAIGHT BILL OF LADING FOR EXEMPT COMMODITIES - ORIGINAL NON-NEGOTIABLE

**Walla Walla River P&S, LLC**
2250 Detour Road
Walla Walla, WA 99362
Phone: 509-626-7117 Fax: 509-626-7118

RECEIVED, from shipper named herein, the perishable property described below, in apparent good order and condition, except as noted below (contents and condition of contents of packages unknown), marked consigned, and destined as indicated below, throughout this contract as meaning any portion or corporation in possession of the property under the contract), in consideration t the transportation charges to be paid, agrees to carry to its usual place of delivery at said destination, if on its route, or otherwise t deliver to another carrier on the route, said property to the consignee, subject to the terms and conditions of this contract printed or written on the face and back hereof, which are hereby agreed to by the carrier, the shipper, and the truck broker, if any.

| | | |
|---|---|---|
| **Order Number:** 2787 | **Destination:** RELIABLE PRODUCE | **Bill of Lading No.** 2787 |
| **Salesperson:** HARRY HAMADA | | **Ship Date:** Mar 11, 2010 |
| | | **Ship From:** WWRPS |
| **Buyer P.O.#:** 101699/W068BOT2 | **Phone:** | **Terms:** FOB |
| **Via:** Truck / Piggy; Ship; / Rail; Air; | **Carrier:** | **Truck Broker:** |
| | **Driver:** BENAVIDES TRUCKING | **License:**    **State:**    **Exp. Date:** |
| | **Tractor License:**    **State:** | **Trailer License:** 1126-UK    **State:** WA |
| **Reporting Instructions:** | | Page 1 of 1 |

| Shipped Quantity | Description of Articles, Special Marks and Exceptions: |
|---|---|
| 200 | HYBRID ONIONS 50LB REG MEDIUM US #1 PASSPORT YELLOW USA-WA |
| 50 | HYBRID ONIONS 50LB REG JUMBO US #1 TOMMY'S CHOICE YELLOW USA-WA |
| 50 | HYBRID ONIONS 50LB REG COLOSSAL US #1 COLUMBIA RIVER YELLOW USA-WA |
| 546 | HYBRID ONIONS 50LB REG JUMBO US #2 BLUE MTN YELLOW USA-WA |

OUT = 19 PALLETS
IN = 0 PALLETS

EXHIBIT - 2

| | | |
|---|---|---|
| **846** Total Packages: | **846** Total Containers: | **Temperature Instructions:** Low: 50    High: 55 |
| **Inspection:** | **Recorder No.:**    **Chart No.:** | |
| **Loading Instructions:** | | **Delivery Date:** |
| **Delivery Instructions:** | | Carrier arranged for by: Shipper / Receiver    Charges paid by: Shipper / Receiver |
| **Billing Instructions:** | | Date:    Time: |

If shipment is to be delivered to consignee without recourse to shipper, shipper shall sign the following: Carrier shall not make delivery without payment of freight and all other lawful charges.

**Shipper Signature:** _Rigoberto Ward_    Date: 03/11/10    Time:

**Driver's Receipt:** I have received above property in good shipping condition, have verified the count, and am satisfied that said shipment is loaded and properly braced.

**Driver Signature:** _Ted B_    Date: 3-11-10    Time:

**Consignee's Receipt:** I have received above perishable property in good order, except as noted:

**Consignee's Signature:**    Date:    Time:

100/100 P.0/001    #1655

# INVOICE

RELIABLE PRODUCE SOURCING, LLC
P.O. BOX 635 • • Grant, MI 49327
805-310-5575 • Fax 805-310-5580

| DATE: | | INVOICE NUMBER |
| --- | --- | --- |
| 3/12/2010 | | **014685** |

BILL TO:   Organic Alliance, Inc.
401 Monterey Street
Salinas, CA  93901  USA

ORDER NO.          014685
DATE SHIPPED    3/12/2010

P.O. NUMBER       201105
SHIPPING POINT   SAN JOSE, CA
VEHICLE ID NO.
SALESMAN          KF
TERMS               Net 10 Days

SHIP TO:   Organic Alliance, Inc.
401 Monterey Street
SAN ANTONIO, TX  93901   USA

| DESCRIPTION | SIZE | COUNTRY OF ORIGIN | NO. OF UNITS | UNIT PRICE | AMOUNT |
| --- | --- | --- | --- | --- | --- |
| BELL PEPPER GREEN | CHO | Mexico | 228 | 31.5000 | 7,182.00 |
| BELL PEPPER GREEN | CHO | Mexico | 168 | 33.5000 | 5,628.00 |
| | | | 396 | | 12,810.00 |

TRUCK LOADED:  3-12-10
TRUCK NAME:
LIC #:  Y37846 TX
TIME OUT:  6:15 PM

EXHIBIT - 3

| | BALANCE: | $12,810 |
| --- | --- | --- |

CREDIT TERMS: 21 days from shipment date with signed 21 day letter on file, otherwise payment is required within 10 days.  A monthly finance charge of 1 ½% will be assessed on invoices not receipted will stated terms.  In the event of legal action, including arbitration, is commenced to collect funds due under this invoice, the prevailing party will be entitled to recover reasonable attorney fees and court costs, in addition to any other damages allowed by law.  All Sales F.O.B. No Grade Contract.  Good delivery standards apply excluding bruising, enlarged and open bud clusters on broccoli, bruising and/or discoloratio following bruising and blistering and/or peeling due to lettuce field freeze.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)).  The selle these commodities retains a trust claim over these commodities, all  inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commoditie full payment is received.

MAR-15-10  08:13AM   FROM-BAY AREA PRODUCE        520/0/4565        F-135

Load #:

**Bay Area Produce Inc.**
San José, California
Tel. (408) 395-1111
FAX (408) 395-2894

## FRUIT & VEGETABLE
## BILL OF LADING

Nogales, Arizona
Telephone: 520-761-1240
FAX: 520-761-1946

|  |  |
|---|---|
| CUST. # 734 | P.O. # 14685 |
| Sold to RELIABLE PRODUCE SOURCING, LLC | Date Shipped 3/12/2010 |
| Ship to RELIABLE PRODUCE SOURCING, LLC | Time Out 6:15 Pm |
| Address P. O. BOX 635          , MI 49327 | Truck Line BUYERS TRUCK |
| City & State GRANT | License # X 1878546 |
| Customer Tel. # (231)834-5634 | |

The property described below, in apparent good order, except as noted (contents and condition of contents of packages unknown), marked, consigned and destined as indicated below, which said carrier (the word carrier being understood throughout this contract as meaning any person or corporation in possession of property under the contract) agrees to carry to its usual place of delivery at said destination, if on its route, otherwise to deliver to another carrier on the route to said destination. It is mutually agreed, as to each carrier of all or any of said property over all or any portion of said route to destination and as to each party at any time interested in all or any of said property, that every service to be performed hereunder shall be subject to all the terms and conditions of the uniform domestic straight bill of lading set forth (1) in Official, Southern, Western and Illinois Freight Classifications in effect on the date hereof, if this is rail or rail-water shipment, or (2) in the applicable motor carrier classification or tariff which governs the transportation of this shipment and the said terms and conditions are hereby agreed to by the shipper and accepted for himself and his assigns.
Shipper hereby certifies that he is familiar with all the terms and conditions of the said bill of lading, including those on the back thereof, set forth in classification or tariff which governs the transportation of this shipment and the said terms and conditions are hereby agreed to by the shipper and accepts for himself and his assigns.

| Qty Ord. | Qty Ship | Prod. # | Description | Label |
|---|---|---|---|---|
| | | | | ESMERALDA |
| 168 | 168 | 3404 -01 | BELL PEPPER SMALL MEXICO | NO LABEL |
| 228 | 228 | 3408 -01 | BELL PEPPER CHOICE MEXICO | |

Total Ordered :           396

Total Shipped :           396

EXHIBIT - 3

DRIVERS WILL BE FINED _____ FOR FAILURE TO REPORT
EACH MORNING BY 8:00 A.M. · KEEP TEMP AT _____

This certifies that above named materials are properly classified, described, packaged, marked and labeled, and are in proper condition for transportation according to applicable regulation of the Dept. of Transportation. "If the shipment moves between two ports by a carrier by water, the law requires that the bill of lading shall state whether it is "carrier's or shipper's right", Shippers imprint in lieu of stamp; not a part of bill of lading approved by the Interstate Commerce Commission. NOTE: Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property.

Received by _____
Special Instructions: _____

bps, inc. 21711

White · Bay Area Office        Yellow · Customer        Pink · Trucker

# INVOICE

**RELIABLE PRODUCE SOURCING. LLC**
P.O. BOX 635 • • Grant, MI 49327
805-310-5575 • Fax 805-310-5580

| DATE: | INVOICE NUMBER |
|-------|----------------|
| 3/12/2010 | **014695** |

**BILL TO:** Organic Alliance, Inc.
401 Monterey Street
Salinas, CA  93901  USA

ORDER NO.          014695
DATE SHIPPED     3/12/2010

P.O. NUMBER       201107
SHIPPING POINT
VEHICLE ID NO.
SALESMAN            KF
TERMS                   Net 10 Days

**SHIP TO:** Organic Alliance, Inc.
401 Monterey Street
VICTORIA, TX  93901    USA

| DESCRIPTION | SIZE | COUNTRY OF ORIGIN | NO. OF UNITS | UNIT PRICE | AMOUNT |
|-------------|------|-------------------|--------------|------------|--------|
| | J | USA | 840 | 20.7000 | 17,388.00 |
| YELLOW ONCTN JUMBO | | | 840 | | 17,388.00 |
| | | | 20 | 6.5000 | 130.00 |
| | | | 1 | -8006.7500 | -8,006.75 |
| PALLETS | | | | | |
| ADJUSTMENT | | | | | -7,876.75 |

**SUB TOTAL:**          $9,511.25

TRUCK LOADED: 3-16-10
TRUCK NAME: Z & R
LIC #:
TIME OUT:

EXHIBIT - 4

| | BALANCE: | $9,511 |
|--|----------|--------|

CREDIT TERMS: 21days from shipment date with signed 21 day letter on file, otherwise payment is required within 10 days.  A monthly finance charge of 1 1/2% will be assessed on invoices not receipted will stated terms. In the event of legal action, including arbitration, is commenced to collect funds due under this invoice, the prevailing party will be entitled to recover reasonable attorney fees and court costs, in addition to any other damages allowed by law.  All Sales F.O.B. No Grade Contract. Good delivery standards apply excluding bruising, enlarged and open bud clusters on broccoli, bruising and/or discoloratio following bruising and blistering and/or peeling due to lettuce field freeze.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The selle these commodities retains a trust claim over these commodities, all  inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities full payment is received.

**Walla Walla River P&S, LLC**
2250 Detour Road
Walla Walla, WA 99362
Phone: 509-526-7117 Fax: 509-526-7118

STRAIGHT BILL OF LADING FOR EXEMPT COMMODITIES — ORIGINAL

RECEIVED, from shipper named here, the perishable property described below, in apparent good order and condition noted below (contents and condition of contents of packages unknown), marked consigned, and destined as indicated throughout this contract as meaning an person or corporation in possession of the property under the contract), in case the transportation charges to be paid, agrees to carry to its usual place of delivery at said destination, if on its route or deliver to another carrier on the route, said property to the consignee, subject to the terms and conditions of this contract or written on the face and back hereof, which are hereby agreed to by the carrier, the shipper, and the truck broker, if applicable.

| | |
|---|---|
| Order Number: 2810 | Destination: RELIABLE PRODUCE |
| Salesperson: HARRY HAMADA | Bil of Lading No 2810 |
| Buyer P.O.#: 101669/W071BOT2 | Ship Date: Mar 16, 2010 |
| | Ship From: WWRPS |
| | Terms: FOB |

Phone:  Truck Broker:

Via:  Carrier:

| | | |
|---|---|---|
| Truck. | Piggy: | Driver: Z & R TRUCKING |
| Ship: | Rail: | Tractor License: |
| Air | | Trailer License: 2579-TW  State WA |

License:  State:  Exp. Date:

Page

Reporting Instructions.

| Shipped Quantity | Description of Articles, Special Marks ans Exceptions: |
|---|---|
| 126 | HYBRID ONIONS 50LB REG JUMBO US #2 BLUE MTN YELLOW USA-WA |
| 714 | HYBRID ONIONS 50LB REG JUMBO US #2 FARM FRESH YELLOW USA-WA |

OUT = 20 PALLETS
IN = 0 PALLETS

PFG VICTORIA RECEIVED
DATE 3/18/10
PALLETS IN 20 OUT 0
CASES OVER SHORT
DAMAGED TOTAL 840
RECEIVER Krud Konawa
CARRIER
DRIVER SIG
DRIVER PRINT

EXHIBIT - 4

| 840 Total Packages: | 840 Total Containers: |
|---|---|

Inspection  Recorder No.:  Chart No.:  Temperature Instructions: Low: 50  High: 55

Loading Instructions.
Delivery Instructions.  Delivery Date:
Billing Instructions:  Carrier arranged for by: Shipper Receiver  Charges paid Shipper Re
Date:

If shipment is to be delivered to consignee without recourse to shipper,shipper shall sign the following: Carrier shall not make delivery without payment of freight and all other lawful charges.

**Shipper Signature:**  _Rigoberto_  03/16/10

Driver's Receipt: I have received above property in good shipping condition, have verified the count, and am satisfied that said shipment is loaded and properly braced.

**Driver Signature:**  Date

Consignee's Receipt: I have received above perishable property in good order, except as noted.

**Consignee's Signature:**  Date

**USDA**

U.S. DEPARTMENT OF AGRICULTURE
AGRICULTURAL MARKETING SERVICE
http://PPBInspections.ams.usda.gov

**INSPECTION CERTIFICATE**

T-061-0011-01736

PAGE  1 of 2

| | |
|---|---|
| CARRIER or LOT ID: PO    2170122 | APPLICANT:  (211613VI1)PERFORMANCE FOOD VICTORIA, TX |
| LOADING STATUS: UNLOADED | |
| STATED BY: APPLICANT | SHIPPER: WALLA WALLA RIVER P&S, LLC WALLA WALLA, WA |
| ADDITIONAL ID: NA | |
| CARRIER TYPE:NA | MARKET OFFICE: SAN ANTONIO, TX |
| REFRIG UNIT: NA    DOORS: NA | INSP SITE: APPLICANT'S COOLER |

| |
|---|
| REQUESTED:  3/23/2010    7:00 AM |
| STARTED:     3/23/2010   10:04 AM |
| COMPLETED:  3/23/2010   11:57 AM |
| PASSWORD FOR ONLINE ACCESS |
| 6WYG3K9GHAVHPS6W |
| ESTIMATED FEE:     $497.60 |

REMARKS:

## LOT A (CON) - ONIONS, OTHER THAN BBG, YELLOW

ORIGIN: WA

TEMP:   51° to 57°F     INSP CT:  YES     NUMBER OF CONTAINERS: 100 OPEN MESH SACK(S)

MARKINGS: BRAND: BLUE MOUNTAIN
MARKINGS: LABELED BLUE MOUNTAIN ONIONS, NET WT. 50 LBS., PACKED FOR WALLA WALLA RIVER PACKING &
STORAGE, LLC, WALLA WALLA, WA., PRODUCE OF U.S.A.

PLI: NONE                                                OTHER ID:

| INJURY | DAM | SER.DAM | V.S. DAM | OFFSIZE/DEFECTS |
|---|---|---|---|---|
| NA | 4 | 1 | NA | BLACK MOLD BETWEEN THE SCALES (2 to 6%) |
| NA | 56 | 56 | NA | DECAY (48 to 69%) |
| NA | 60 | 57 | NA | CHECKSUM |

GRADE:

LOT DESC: INSPECTION: RESTRICTED TO CONDITION ONLY AT APPLICANT'S REQUEST
FIRMNESS: MOSTLY FIRM
STAGES OF DECAY: MOSTLY EARLY, SOME ADVANCED, FEW MODERATE
TEMPERATURES(4): 52°F, 53°F, 57°F, 51°F

I, the undersigned, duly authorized inspector of the United States Department of Agriculture, hereby certify that at the request of the applicant and on the date indicated, samples of the herein described product were inspected and the quality and/or condition as shown by said samples were as herein stated.

Warning: Any person who knowingly shall falsely make, issue, alter, forge or counterfeit this certificate or participate in any such actions, is subject to a fine of not more than $1,000 or imprisonment for not more than one year, or both.

FORM FV-E300 (1.0.11.1)

Signature:  0011 - BENAVIDES JR., DC

Date:
3/23/2010

EXHIBIT- 4A

**USDA** | U.S. DEPARTMENT OF AGRICULTURE AGRICULTURAL MARKETING SERVICE http://FPBInspections.ams.usda.gov | **INSPECTION CERTIFICATE** | T-061-0011-01736

PAGE 2 of 2

| | |
|---|---|
| CARRIER or LOT ID: PO    2170122 | APPLICANT: (211613VI1)PERFORMANCE FOOD |
| LOADING STATUS: UNLOADED | VICTORIA, TX |
| STATED BY: APPLICANT | SHIPPER: WALLA WALLA RIVER P&S, LLC |
| ADDITIONAL ID: NA | WALLA WALLA, WA |
| CARRIER TYPE:NA | MARKET OFFICE: SAN ANTONIO, TX |
| REFRIG UNIT:NA          DOORS: NA | INSP SITE: APPLICANT'S COOLER |

REQUESTED: 3/23/2010    7:00 AM
STARTED: 3/23/2010    10:04 AM
COMPLETED: 3/23/2010    11:57 AM
PASSWORD FOR ONLINE ACCESS
6WYG3K9GHAVHPS6W
ESTIMATED FEE:  SEE PAGE 1

REMARKS:

**LOT B (CON)  ONIONS, OTHER THAN BBG, YELLOW**    ORIGIN: WA

TEMP:  51° to 60°F    INSP CT:  YES    NUMBER OF CONTAINERS: 443 OPEN MESH SACK(S)

MARKINGS:  BRAND: NO BRAND
MARKINGS: LABELED FARM FRESH ONIONS, NET WEIGHT 50 LBS., DISTRIBUTED FOR: C.B.G. & S., PASCO, WA
PRODUCE OF U.S.A.

PLI: NONE                                             OTHER ID:

| | | | | OFFSIZE/DEFECTS |
|---|---|---|---|---|
| INJURY | DAM | SER DAM | V.S. DAM | |
| NA | 6 | 4 | NA | BLACK MOLD BETWEEN THE SCALES (4 to 7%) |
| NA | 1 | 1 | NA | WATERY SCALES (0 to 2%) |
| NA | 18 | 18 | NA | DECAY (12 to 28%) |
| NA | 25 | 23 | NA | CHECKSUM |

GRADE:

LOT DESC:  INSPECTION: RESTRICTED TO CONDITION ONLY AT APPLICANT'S REQUEST
FIRMNESS: MOSTLY FIRM
STAGES OF DECAY: MOSTLY EARLY,  MANY ADVANCED,  FEW MODERATE
TEMPERATURES(6): 51°F, 56°F, 52°F, 60°F, 51°F, 52°F

I, the undersigned a duly authorized inspector of the United States Department of Agriculture, do hereby certify that, at the request of the applicant and on the date indicated, samples of the herein described product were inspected and the quality and/or condition as shown by said samples were as herein stated.

Warning: Any person who knowingly shall falsely make, issue, alter, forge, or counterfeit this certificate or part thereof, is subject to a fine of not more than $1,000 or imprisonment for not more than one year or both.

FORM FV-E300 (4-0-11-1)

Signature:  0011 - BENAVIDES JR., DC
*DC Benavides*

Date:
3/23/2010

EXHIBIT - 4A

Kristy Farmer

To:             phil
Subject:        FW: Onion load-

*Good morning Dr. Phil !*
*Here is the deduction for the onions....*

This is the information on PO   W071BOT2
Product in both lots failed USDA inspection.

Loss of re-cull          $27.00x200 cs  $5,400.00
Product refusals-        $30.25 x 15 cs $453.75
Product re- culling-     $3.50x368 cs   $1,288.00
Freight Charges           $1.00x368 cs  $368.00
Inspection Charge        $              $497.60

**Grand total of charges-            $8,006.75**
**Rate of 35% shrink- actual shrink on USDA report over 50%.**

Please auhorize the bill back or send a credit for $8006.75



**PERFORMANCE**
F O O D S E R V I C E · Victoria

EXHIBIT — 4A

1

# INVOICE

**RELIABLE PRODUCE SOURCING, LLC**
P.O. BOX 635 • • Grant, MI 49327
805-310-5575 • Fax 805-310-5580

| DATE: | | INVOICE NUMBER |
|---|---|---|
| 3/16/2010 | | **014696** |

BILL TO:   Organic Alliance, Inc.
401 Monterey Street
Salinas, CA 93901   USA

ORDER NO.          014696
DATE SHIPPED     3/16/2010

SHIP TO:   Organic Alliance, Inc.
401 Monterey Street
DENVER, CO 93901   USA

P.O. NUMBER          201108
SHIPPING POINT
VEHICLE ID NO.
SALESMAN              KF
TERMS                     Net 10 Days

| DESCRIPTION | SIZE | COUNTRY OF ORIGIN | NO. OF UNITS | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| | J | USA | 850 | 23.5000 | 19,975.00 |
| YELLOW ONCTN JUMBO | | | 850 | | 19,975.00 |
| | | | 17 | 6.5000 | 110.50 |
| PALLETS | | | | | 110.50 |
| | | | | SUB TOTAL: | $20,085.50 |

TRUCK LOADED:  3-15-10
TRUCK NAME:  PACIFIC SHIPPING
LIC #:  5193W OK

EXHIBIT - 5

| | BALANCE: | $20,085.5 |
|---|---|---|

CREDIT TERMS: 21 days from shipment date with signed 21 day letter on file, otherwise payment is required within 10 days. A monthly finance charge of 1 1/2% will be assessed on invoices not receipted within stated terms. In the event of legal action, including arbitration, is commenced to collect funds due under this invoice, the prevailing party will be entitled to recover reasonable attorney fees and court costs, in addition to any other damages allowed by law. All Sales F.O.B. No Grade Contract. Good delivery standards apply excluding bruising, enlarged and open bud clusters on broccoli, bruising and/or discoloration following bruising and blistering and/or peeling due to lettuce field freeze.

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities u full payment is received.

## STRAIGHT BILL OF LADING FOR EXEMPT COMMODITIES - ORIGINAL NON-NEGOTIABLE

**Walla Walla River P&S, LLC**
2250 Detour Road
Walla Walla, WA 99362
Phone: 509-526-7117 Fax: 509-526-7118

RECEIVED, from shipper named herein, the perishable property described below, in apparent good order and condition, except as noted below (contents and condition of contents of packages unknown), marked consigned, and destined as indicated below, throughout this contract as meaning any person or corporation in possession of the property under the contract, in consideration of the transportation charges to be paid, agrees to carry to its usual place of delivery at said destination, if on its route, or otherwise to deliver to another carrier on the route, said property to the consignee, subject to the terms and conditions of this contract printed or written on the face and back hereof, which are hereby agreed to by the carrier, the shipper, and the truck broker, if any.

| Order Number: 2813 | Destination: RELIABLE PRODUCE | Bill of Lading No. 2813 |
|---|---|---|
| Salesperson: HARRY HAMADA | | Ship Date: Mar 15, 2010 |
| Buyer P.O.#: W071BOT3 /1791 | Phone: | Ship From: WWRPS |
| | | Terms: FOB |

| Via: | Carrier: | Truck Broker: | | |
|---|---|---|---|---|
| Truck: Piggy: Ship: Rail: Air: | Driver: PACIFIC SHIPPING | License: | State: | Exp. Date: |
| | Tractor License: . | State: | Trailer License: 5193W | State: OK |
| Reporting Instructions: | | | | Page 1 of 1 |

| Shipped Quantity: | Description of Articles, Special Marks ans Exceptions: |
|---|---|
| 850 | HYBRID ONIONS 50LB REG JUMBO US #1 TOMMY'S CHOICE YELLOW USA-WA |
| 0 - PALLETS IN | |
| 17 - PALLETS OUT | |

EXHIBIT - 5

| 850 Total Packages: | 850 Total Containers: |
|---|---|

| Inspection: | Recorder No.: | Chart No.: | Temperature Instructions: Low: 50    High: 55 |
|---|---|---|---|

| Loading Instructions: | | Delivery Date: | |
|---|---|---|---|
| Delivery Instructions: | | | |
| Billing Instructions: | | Carrier arranged for by: Shipper   Receiver | Charges paid by: Shipper   Receiver |

| If shipment is to be delivered to consignee without recourse to shipper, shipper shall sign the following: Carrier shall not make delivery without payment of freight and all other lawful charges. | **Shipper Signature:** | Date: 3-15-10 | Time: |
|---|---|---|---|
| Driver's Receipt: I have received above property in good shipping condition, have verified the count, and am satisfied that said shipment is loaded and properly braced. | **Driver Signature:** | Date: | Time: |
| Consignee's Receipt: I have received above perishable property in good order, except as noted: | **Consignee's Signature:** | Date: | Time: |

EXHIBIT - 6

## RELIABLE PRODUCE SOURCING, LLC
## APPLICATION FOR CREDIT

BY: _Organic Alliance, Inc._   _06-2008_
NAME OF COMPANY OR INDIVIDUAL          DATE CO. STARTED

_441 Monterey Street, Ste 200_
ADDRESS

_Salinas_            _CA_        _93901_        _831-240-0295_
CITY                 STATE       ZIP CODE       PHONE

The above named company/individual hereby applies for credit in accordance with the terms and conditions of:

TO:   RELIABLE PRODUCE SOURCING, LLC          PHONE:   (805) 310-5575
      P.O. Box 170                             FAX:    (805) 310-5580
      Arroyo Grande, CA  93421                 CREDIT TERMS:  PACA Prompt (Net 10)

The following information must be provided (information provided will be held in the strictly confidential).

OWNERSHIP:
  ☒ Corporation        ☒ Incorporated within last 12 months
  ☒ Partnership        ☒ Individual       Tax ID#: _20-0853334_

| NAME(S) OF PRINCIPAL(S) | COMPLETE ADDRESS | PHONE NO. |
|---|---|---|
| 1. _Peter Barth_ | _19543 Cutting Court_ _Salinas, CA  93908_ | _831-596-0088_ |
| 2. _Tom Morrison_ | _40 Riverwood Dr_ _Princeton, NJ  08540_ | _201-400-6144_ |
| 3. | | |
| 4. | | |

FINANCE:
  _Bank of America_                    _200 E. Franklin St. Salinas, CA_
  BANK                                 ADDRESS

  _Matt King_                          _831-755-3027_
  BANK OFFICER/DEPARTMENT              PHONE

  _(081263373)_
  ACCOUNT NUMBER(S)

REFERENCES:          - see attached -

| BUSINESS NAME | ADDRESS | PHONE NO. |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |

Page 1 of 2

EXHIBIT - 6

## RELIABLE PRODUCE SOURCING, LLC
### APPLICATION FOR CREDIT

We agree that in the event our account remains unpaid beyond 30 days, and is placed with an attorney or collection agency for collection, we will pay collection cost, including reasonable attorney's fees or other agency fees. In addition, we agree to pay 1.5% service charge per month on unpaid balances which are more than 30 days past due and/or turned over for collection.

Unless specified, all sales are F.O.B., no grade contract. Good Delivery Standards Apply Excluding Bruising, Enlarged and Open Bud Clusters on Broccoli, Bruising and Discoloration following Bruising on Lettuce and Blistering and/or Peeling Due to Lettuce Field Freeze.

We certify that all the information on this form is correct. We fully understand your credit terms and agree to the proper payment in consideration of extended credit.

SIGNED: _Parker Ayon_                          _President / CEO_
        SIGNATURE                                          TITLE

_Parker Booth_                          _200903ı4_          _2-2-10_
PLEASE PRINT NAME                   PACA LICENSE #          DATE


## PERSONAL GUARANTEE

I _Parker Booth_ _____ (Name), in consideration for your extending credit at my request to _Organic Alliance, Inc_ _____ (Company Name), (hereinafter referred to as the "Company"), of which I am _President / CEO_ _____ (Title), hereby personally guarantee to you the payment of my obligation of the company and I hereby agree to bind myself to pay you on demand any sum which may come due you by the Company whenever the company fails the same, it is understood that this guarantee shall be continuing and irrevocable guarantee and indemnity for such debt of the Company. I do hereby waive notice of default, non-payment and notice thereof and consent to any modification or renewal of the credit hereby guaranteed.

            _Parker Ayon_                    _President / CEO_
SIGNED: _____                              TITLE
        SIGNATURE

_Parker Booth_                    _2-2-10_
PLEASE PRINT NAME                  DATE


PAGE 2 of 2

# EXHIBIT C

UNITED STATES DEPARTMENT OF AGRICULTURE

BEFORE THE SECRETARY OF AGRICULTURE

| | | |
|---|---|---|
| Reliable Produce Sourcing LLC, | ) | PACA Docket No. W-R-2010-289 |
| | ) | |
| Complainant | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Organic Alliance, Inc., | ) | |
| | ) | |
| Respondent | ) | Default Order |

Reliable Produce Sourcing LLC[hereinafter Complainant], instituted this reparation proceeding under the Perishable Agricultural Commodities Act, 1930, as amended (7 U.S.C. §§ 499a-499s) [hereinafter the PACA]; and the Rules of Practice Under the Perishable Agricultural Commodities Act (7 C.F.R. §§ 47.1-.49) [hereinafter the Rules of Practice], by filing a timely Complaint. Complainant seeks reparation against Organic Alliance, Inc. [hereinafter Respondent], in connection with a transaction or transactions involving a perishable agricultural commodity or perishable agricultural commodities in interstate or foreign commerce. A copy of the Complaint was served on Respondent, and Respondent failed to file an Answer. The issuance of an order without further procedure is appropriate pursuant to section 47.8(d) of the Rules of Practice (7 C.F.R. § 47.8(d)).

Complainant is a limited liability company, whose address is 1303 Grand Avenue, Suite 211, Arroyo Grande, California 93420.

Respondent is a corporation, whose address is 401 Monterey St., Suite 202, Salinas, California  93901.

Respondent was licensed or was subject to license under the PACA at the time of the transaction or transactions involved in this proceeding.  The facts alleged in the formal Complaint are hereby adopted as findings of fact of this Default Order and based on these findings of fact, I conclude that Respondent violated section 2 of the PACA (7 U.S.C. § 499b).

Pursuant to section 5(a) of the PACA, those who are injured by a violation of section 2 of the PACA are entitled to "the full amount of damages sustained in consequence of such violations." *See* 7 U.S.C. § 499e(a).  Such damages include interest. *See, e.g., Pearl Grange Fruit Exchange, Inc. v. Mark Bernstein Co., Inc.*, 29 Agric. Dec. 978, 979 (1970).  Complainant seeks pre-judgment interest on the unpaid produce shipments listed in the Complaint at a rate of 1½% per month.  Complainant's claim is based on its invoices to Respondent which expressly state that interest will be "charged on all accounts 30 days past due at the monthly Periodic Rate of 1-½%, which approximates AN ANNUAL PERCENTAGE RATE OF 18%."  There is nothing to indicate that Respondent objected to the interest charge provisions in Complainant's invoices.  In the absence of a timely objection by Respondent, the interest charge provisions on Complainant's invoices were incorporated into each sales contract.  *See, e.g., Dennis B. Johnston, et al. v. AG Growers Sales, LLC*, PACA Docket No. R-08-137, slip op. at 17 – 18 (USDA June 2, 2010) (applying section 2-207(2) of the Uniform Commercial Code ("UCC")).

The 1½% per month, 18% per annum, rate of prejudgment interest set by Complainant's invoices to Respondent is not unreasonable. *See id.*, at 21 - 22.   Numerous courts have awarded prejudgment interest at a rate of 18% based on similar contract provisions. *See, e.g., Palmareal Produce Corp. v. Direct Produce #1, Inc.*, 2008 WL 905041, at \*3 (E.D.N.Y. 2008) (awarding interest at 18% set by invoice clause); *John Georgallas Banana Dist. of New York, Inc. v. N&S Tropical Produce, Inc.*, 2008 WL 2788410, at \* 5 (E.D.N.Y. 2008) (same); *AFL Fresh & Frozen Fruits & Vegetables, Inc. v. De-Mar Food Services Inc.*, 2007 WL 4302514, at \*\*7- 8 (S.D.N.Y. 2007) (same); *Dayoub Marketing, Inc. v. S.K. Produce Corp.*, 2005 WL 3006032, at \*4 (S.D.N.Y. 2005) (same); *Vulcan Automotive Equipment, Ltd v. Global Marine Engine & Parts, Inc.*, 240 F.Supp.2d 156, 163 (D. Rhode Island 2003) (same).  Accordingly, prejudgment interest will be awarded to Complainant at the 18% rate.  Post-judgment interest will be applied in accordance with 28 U.S.C. § 1961, at a rate equal to the weekly average one-year constant maturity treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date in the Order. *See PGB International, LLC, Co. v. Bayche Companies, Inc.*, 65 Agric. Dec. 669, 671 - 672 (2006).

Complainant paid a $500.00 handling fee to file its Complaint.  Pursuant to section 5(a) of the PACA (7 U.S.C. § 499e(a)), the party found to have violated section 2 of the PACA (7 U.S.C. § 499b) is liable for any handling fee paid by the injured party.

Accordingly, within 30 days from the date of this Order, Respondent shall pay to Complainant, as reparation, the amount set forth in the reparation award, which I find to be

the amount of damages to which Complainant is entitled for Respondent's violation or violations of section 2 of the PACA (7 U.S.C. § 499b).

## REPARATION AWARD

Respondent shall pay Complainant as reparation $75,053.25 with interest thereon at the rate of 18% per annum (1.5% per month) from April 1, 2010, up to the date of this Order.

Respondent shall pay Complainant interest at a rate of <u>0.26</u> per centum per annum from the date of this Order, until paid, plus the amount of $500.00.

Copies of this Default Order shall be served on the parties.

Done at Washington, DC
October 8, 2010
/s/ William G. Jenson

William G. Jenson
Judicial Officer
Office of the Secretary